◼ AUDREY JOHNSON, as Administratrix of the Estate of BETRAM McQUAY, Deceased, Appellant, v CITY OF NEW YORK, Respondent. [617 NYS2d 200] —In a negligence action to recover damages for wrongful death and personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), entered December 23, 1991, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment is denied.

The plaintiff's 12-year-old son Bertram was fatally stabbed and her 10-year-old daughter Sophia was injured by an intruder who entered their apartment through a dumbwaiter. The intruder, Albert Lang, had converted a portion of the basement of the apartment building into his living quarters and was considered a trespasser by the defendant owner. The plaintiff commenced this action against the defendant, alleging that its negligence was a cause of the children's injuries.

The events surrounding the incident are for the most part not in dispute. On September 30, 1982, Sophia returned to her ground floor apartment after school and, by looking through the peephole from outside the door, discovered that Lang was inside the apartment. She did not enter the apartment but waited outside the building for Bertram. When Bertram arrived home, the children entered the apartment and found no one there, although the door to a dumbwaiter shaft had been broken off its hinges and a couple of items had been stolen. The dumbwaiter was not operational, but the shaft contained ropes and was open from the basement to the roof. Access to the shaft could be gained from a door in the basement which had not been permanently sealed.

Bertram contacted the superintendent, who closed the dumbwaiter door in the apartment and instructed the children to remain inside the apartment and to lock the apartment door. The superintendent asserted that he shut the dumbwaiter door in the apartment and "put three nails in there temporarily". Minutes after the superintendent left the plaintiff's apartment, Lang broke through the dumbwaiter door and attacked the children with a knife. Sophia managed to escape from the apartment but Bertram was killed. About two months prior to this incident, the plaintiff had contacted the police because Lang entered her apartment through an open window and punched Sophia in the face.

The plaintiff sought to recover damages, *inter alia,* on the ground that the superintendent negligently performed an assumed duty to the children. To prevail on this theory, the plaintiff would be required to show that the superintendent undertook to perform a service, that he performed the service negligently, and that his conduct in undertaking the service placed the children in a more vulnerable position than if he had never taken any action at all *(see, e.g., Heard v City of New York,* 82 NY2d 66, 72-73; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 522).

We conclude that the evidence in the record establishes that

there are triable issues of fact, *inter alia,* as to whether the superintendent was negligent in the manner in which he secured the dumbwaiter and whether, by advising the children to remain in the apartment under these circumstances, his conduct placed them in a more vulnerable position. Accordingly, we find that the Supreme Court erred in granting summary judgment to the defendant. Balletta, J. P., O'Brien, Copertino and Florio, JJ., concur.