■ CARMEN FERRER, Respondent, v RIVERBAY CORPORATION, Appellant, et al., Defendant. [624 NYS2d 425] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered December 23, 1993, which *inter alia,* denied defendant Riverbay's cross-motion for summary judgment dismissing the complaint against it, unanimously affirmed, without costs.

Viewing the evidence in a light most favorable to plaintiff *(see, Strychalski v Mekus,* 54 AD2d 1068, 1069), the facts demonstrate that after several of defendant's officers learned that a 12-year-old girl had just been sexually assaulted by a group of older boys, the officers isolated her from the rest of her friends, in a friend's 26th-floor apartment, refused to allow her to call her mother, and verbally abused her until she agreed to press charges against her assailants, soon after which she was left unattended and tragically climbed over a window balcony, let go and fell to her death. Under these circumstances, triable issues of fact are presented as to whether defendant voluntarily assumed a duty to care for or control the decedent but negligently carried out said duty *(see, Moch Co. v Rensselaer Water Co.,* 247 NY 160, 167). While defendant asserts that it was not reasonably foreseeable to the officers, under the circumstances, that the girl would commit suicide, that is an issue for the jury to decide *(see, Parvi v City of Kingston,* 41 NY2d 553, 560). We also note that even if "defendant could not anticipate the precise manner of the accident or the exact extent of the injuries, [that] does not preclude liability as a matter of law where the general risk and character of injuries are foreseeable" *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 316-317). Concur—Sullivan, J. P., Wallach, Rubin, Ross and Tom, JJ.