■ Shambhu Oja, Individually and as Administrator of the Estate of Binaya Oja, Deceased, et al., Respondents, v Grand Chapter of Theta Chi Fraternity, Inc., et al., Defendants, and Delta Sigma of Theta Chi Alumni Corporation, Appellant. [680 NYS2d 277] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered January 8, 1998 in Tompkins County, which denied defendant Delta Sigma of Theta Chi Alumni Corporation's motion to dismiss the 10th cause of action of plaintiffs' amended complaint.

Decedent was a 17-year-old freshman attending Clarkson University located in the Town of Potsdam, St. Lawrence County. Decedent had been invited to pledge Delta Sigma Chapter of Theta Chi Fraternity. On February 8, 1997, decedent attended a gathering at the fraternity house which was owned by defendant Delta Sigma of Theta Chi Alumni Corporation (hereinafter defendant). During that gathering, decedent, along with other pledges, was involved in a hazing ritual during which he was encouraged and instructed to consume excessive amounts of hard alcohol and beer provided by the fraternity. Tragically, after he passed out and was left unattended, decedent died when he aspirated his own vomit. Plaintiffs, decedent's parents, commenced this wrongful death action against, among others, defendant. The 10th cause of action of plaintiffs' amended complaint alleged, *inter alia*, that defendant negligently and recklessly failed to control, investigate, supervise or monitor the activities taking place on its premises. Defendant moved unsuccessfully to dismiss the claim, arguing that it failed to state a cause of action (*see,* CPLR 3211 [7]), and this appeal ensued.

This Court has recently concluded that the owner of a fraternity house does not ordinarily have a legal duty to affirmatively supervise those present in the house to prevent them from voluntarily engaging in conduct that creates a risk of harm to themselves (*see, Rothbard v Colgate Univ.,* 235 AD2d 675). Moreover, a landowner cannot be held liable for injuries sustained by a party engaged in a voluntary activity unless the landowner had knowledge of the activities and exercised a degree of supervision or control (*see, Prairie v Sacandaga Bible Conference Camp,* 252 AD2d 940, 941; *Demarest v Bailey,* 246 AD2d 772, 773). Plaintiffs contend,

however, that defendant's liability stems not from its duty to supervise decedent's activities, but from its actual or constructive knowledge of the dangerous activities taking place on its property and its failure to control those activities, despite having ample opportunity to do so. Plaintiffs allege that defendant knew that these dangerous and criminal activities had been recurring on the premises and, as the landowner and the fraternity's alumni corporation, had sufficient control thereover to have prevented the situation that led to their son's death (*see, Jacqueline S. v City of New York*, 81 NY2d 288, 294; *Lane v Barker*, 241 AD2d 739, 740). In our view, when the facts alleged are accepted as true, and plaintiffs are afforded the benefit of every favorable inference that may be drawn therefrom, plaintiffs' allegations fit within a cognizable theory of negligence on the part of defendant (*see*, CPLR 3211 [7]; *Leon v Martinez*, 84 NY2d 83, 87-88). Accordingly, defendant's motion to dismiss the 10th cause of action of plaintiffs' amended complaint was properly denied.

Mikoll, J. P., Mercure, White and Peters, JJ., concur. Ordered that the order is affirmed, with costs. [*See,* 174 Misc 2d 966.]