■ SHAMBHU OJA, Individually and as Administrator of the Estate of BINAYA OJA, Deceased, et al., Respondents, v GRAND CHAPTER OF THETA CHI FRATERNITY, INC., et al., Defendants, and DANIEL KOEHLER et al., Appellants. [684 NYS2d 344] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered December 29, 1997 in Tompkins County, which denied motions by defendants Daniel Koehler and Douglas Lavarnway to dismiss the fourth and ninth causes of action of the amended complaint.

The facts underlying this action have been previously set forth in a prior appeal (255 AD2d 781). Briefly, decedent, a 17-year-old college freshman who had been invited to pledge Delta Sigma Chapter of Theta Chi Fraternity (hereinafter the fraternity), died after consuming excessive amounts of alcohol during a hazing ritual. His parents commenced this action (on decedent's behalf, as well as in their individual capacities) against, among others, several individual fraternity members who were allegedly present during the events leading to their son's death. In addition to asserting claims premised upon General Obligations Law § 11-100, plaintiffs have also charged the individual defendants with common-law negligence and violation of Penal Law § 120.16, an anti-hazing statute. Defendants Douglas Lavarnway and Daniel Koehler (hereinafter collectively referred to as defendants) moved to dismiss these latter two claims on the ground that neither states a viable cause of action. Supreme Court concluded otherwise, prompting this appeal by defendants.

We affirm. Accepting the allegations of the complaint as true,

and according plaintiffs the benefit of every possible favorable inference that may be drawn therefrom (see, CPLR 3211 [a] [7]; Weimer v City of Johnstown, 249 AD2d 608, 610, lv denied 92 NY2d 806), plaintiffs' fourth cause of action, asserting common-law negligence, does not, as Supreme Court found, necessarily come within the ambit of the rule that precludes recovery, from a provider of alcoholic beverages, by one who has been injured as a result of his or her own voluntary intoxication (see, e.g., Sheehy v Big Flats Community Day, 73 NY2d 629, 636; Dodge v Victory Mkts., 199 AD2d 917, 919). Not only have plaintiffs alleged facts that could lead a trier of fact to conclude that decedent's intoxication was not entirely voluntary, they have also cited other purportedly careless acts by defendants—beyond the mere furnishing of intoxicants— upon which a finding of negligence could be grounded. Specifically, it is alleged that after decedent had become visibly intoxicated, unable to stand and incapable of aiding or protecting himself, fraternity members took him to the third floor of the house, laid him face down on a couch with a bucket underneath his head, and left him unattended in an unconscious state. If it is found that this conduct contributed to decedent's death, it could warrant a finding of liability without regard to the defendants' earlier act of simply making the alcohol available (see, Heard v City of New York, 82 NY2d 66, 72; Parvi v City of Kingston, 41 NY2d 553, 559-560; O'Grady v City of Fulton, 4 NY2d 717; Ferrer v Riverbay Corp., 214 AD2d 312; Johnson v City of New York, 208 AD2d 595, 596).

As for the ninth cause of action, premised upon defendants' admitted violation of the criminal law against hazing (see, Penal Law § 120.16), that cause was also rightly permitted to stand. The first two prerequisites for the recognition of an implied private cause of action (see, Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 325) are plainly satisfied; decedent is undeniably one for whose benefit the criminal statute was enacted, and allowance of a private right of action will clearly further the legislative purpose of deterring potentially dangerous hazing activities. And with respect to the third prong, we are not persuaded that the existence of laws governing the imposition of civil liability in connection with the furnishing of alcoholic beverages (see, General Obligations Law §§ 11-100—11-101) inhibits recognition of a private cause of action based upon the anti-hazing statute, particularly where, as here, the acts decried go beyond just supplying the alcoholic beverages (see, Earsing v Nelson, 212 AD2d 66).

Significantly, the penal statute relied upon by plaintiffs is

directed at an entirely different wrong from that addressed by the cited sections of the General Obligations Law (*see, Sheehy v Big Flats Community Day, supra,* at 636). Moreover, defendants have not pointed to any legislative action (or inaction) that could be viewed as evincing an intent to bar recovery by adolescents who, like decedent, have been injured or killed because, as Supreme Court trenchantly observed, of their "willingness * * * to be bullied and humiliated in exchange for the social acceptance which comes with membership in a circle which, to the puerile, may seem alluring and even exalted". Nor does there appear to be any other reason for concluding that allowance of a private right of action would contravene the "overall statutory scheme" that the Legislature has adopted to effectuate its goal of deterring hazing (*see, id.,* at 634-635; *cf., Burns Jackson Miller Summit & Spitzer v Lindner, supra,* at 329-331).

Mikoll, J. P., Mercure, Crew and Peters, JJ., concur. Ordered that the order is affirmed, with costs. [*See,* 174 Misc 2d 966.]