■ FRANCIS A. MORAN, Respondent, v ZIPORA JANOWSKI, Defendant and Third-Party Plaintiff-Appellant. MASSONI CONTRACTING, INC., Third-Party Defendant-Appellant. [714

NYS2d 723] —In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered July 30, 1999, as denied its cross motion for summary judgment dismissing the complaint, and the defendant third-party plaintiff separately appeals from the same order.

Ordered that the appeal of the defendant third-party plaintiff is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is reversed insofar as appealed from by the third-party defendant, on the law, the cross motion is granted, and the complaint is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The defendant contracted with the third-party defendant Massoni Contracting, Inc. (hereinafter Massoni), for the construction of a single-family residence. The plaintiff, an employee of Massoni, was injured while installing fascia board on the exterior of the home when a makeshift platform, consisting of two boards atop metal brackets, collapsed beneath him. The plaintiff thereafter commenced this action against the defendant, alleging common-law negligence as well as violations of Labor Law §§ 200, 240, and 241.

The Supreme Court erred in denying Massoni's cross motion for summary judgment dismissing the complaint. Owners of a one-family residence or their agents who contract for but do not direct or control the work are not liable under Labor Law § 240 (1) or § 241 (6) (*see, Cannon v Putnam,* 76 NY2d 644). Here, there is no evidence in the record that, at the time the plaintiff sustained his injuries, the defendant intended to use part of the home for her husband's business. Thus, the work performed by the plaintiff related solely to the residential use of the home (*see, Bartoo v Buell,* 87 NY2d 362). In any event, the extent to which the defendant's husband later utilized the premises for his business is minimal, and we find that the principal use of the house is as a single-family residence (*cf., Van Amerogen v Donnini,* 78 NY2d 880; *Krukowski v Steffensen,* 194 AD2d 179). Additionally, the record is clear that the defendant exercised no control over the work being performed by the plaintiff. Under these circumstances, the defendant is entitled to invoke the benefit of the statutory exemption (*see, Bartoo v Buell, supra*).

Moreover, it is well settled that liability pursuant to Labor Law § 200 and common-law negligence will attach only when

the injury sustained was the result of an actual dangerous condition at the work site, rather than as the result of the manner in which the work was performed (*see, Lombardi v Stout,* 80 NY2d 290). The accident here was caused by the manner in which the plaintiff was performing his work. Accordingly, the causes of action pursuant to common-law negligence and Labor Law § 200 should have been dismissed. Santucci, J. P., Sullivan, McGinity and Luciano, JJ., concur.