■ MICHAEL J. PASTELLA et al., Respondents-Appellants, v R.S. HULBERT BUILDERS, INC., Respondent-Appellant, KEVIN M. MCCORMICK et al., Appellants-Respondents, and KEVIN MCCORMICK REAL ESTATE, Respondent. [758 NYS2d 741] —Appeal and cross appeals from an order of Supreme Court, Oswego County (Nicholson, J.), entered March 15, 2002, which, inter alia, denied those parts of the motion of defendant R.S. Hulbert Builders, Inc. for summary judgment dismissing the complaint and cross claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion of defendant R.S. Hulbert Builders, Inc. in its

entirety, granting those parts of the motion of defendants Kevin McCormick Real Estate, Kevin M. McCormick, and Shelly A. McCormick for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action and that part of the cross claim of defendant R.S. Hulbert Builders, Inc. for common-law indemnification against defendants Kevin M. McCormick and Shelly A. McCormick and dismissing those causes of action and that part of the cross claim against them and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Michael J. Pastella (plaintiff) when he slid off the roof of a garage while installing plywood on its trusses and fell 12 feet to the ground, landing on his feet and fracturing both of his heels.

Supreme Court properly denied those parts of the motion of defendant R.S. Hulbert Builders, Inc. (R.S. Hulbert) for summary judgment dismissing the complaint and cross claims against it and properly granted that part of plaintiffs' motion for partial summary judgment against R.S. Hulbert on the issue of liability under Labor Law § 240 (1). R.S. Hulbert was the owner of the property as of the date of the accident for purposes of Labor Law § 240 (1) (*see Gordon v Eastern Ry. Supply,* 82 NY2d 555, 559-560 [1993]) and cannot avail itself of the homeowner exemption (*see generally Trala v Egloff,* 258 AD2d 924, 924-925 [1999]). The court also properly denied those parts of the motion of defendant Kevin McCormick Real Estate (Real Estate) and defendants Kevin M. McCormick and Shelly A. McCormick, as contract vendees of the property, for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action against the McCormicks because there is a triable issue of fact whether at the time of the accident they intended to reside in the house once the work was completed or instead intended to sell the property (*see Trala,* 258 AD2d at 924-925).

The court erred, however, in denying those parts of the motion of Real Estate and the McCormicks for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action against the McCormicks. The McCormicks met their initial burden by establishing that they had no authority to control the activity bringing about plaintiff's injury to enable them to avoid or correct the unsafe condition (*see Russin v Picciano & Son,* 54 NY2d 311, 317 [1981]) and they did not exercise supervisory control over the

operation itself (*see Lombardi v Stout*, 80 NY2d 290, 295 [1992]). Plaintiffs failed to raise an issue of fact. Finally, the court erred in granting that part of the motion of R.S. Hulbert for summary judgment on common-law indemnification against the McCormicks and instead should have granted that part of the motion of Real Estate and the McCormicks for summary judgment dismissing that part of the cross claim against the McCormicks (*see Delaney v Spiegel Assoc.*, 225 AD2d 1102, 1103 [1996]).

We therefore modify the order by denying the motion of R.S. Hulbert for summary judgment in its entirety, granting those parts of the motion of Real Estate and the McCormicks for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action and that part of the cross claim of R.S. Hulbert for common-law indemnification against the McCormicks, and dismissing those causes of action and that part of the cross claim against them. Present—Pigott, Jr., P.J., Green, Pine, Gorski and Hayes, JJ.