◼  JHON ORTIZ, Appellant, v KAREN CORMIER, Respondent, et al., Defendant. [780 NYS2d 768]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated June 10, 2003, which granted the motion of the defendant Karen Cormier for summary judgment dismissing the complaint insofar as asserted against her and denied the plaintiff's cross motion for leave to amend the summons and complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the respondent homeowner and "John Doe" Construction Company to recover damages for personal injuries allegedly sustained when he fell from the roof of a one-family home where he was engaged in construction work. According to his deposition testimony, a strong wind blowing against the plywood he was carrying caused him to lose his balance and fall from the roof. The plaintiff alleged common-law negligence and violations of Labor Law §§ 240 and 241.

The Supreme Court properly granted the respondent's motion for summary judgment dismissing the complaint insofar as asserted against her. The respondent demonstrated that, as the owner of a one-family home, she was entitled to judgment as a matter of law on the ground she did not direct or control the plaintiff's work within the meaning of Labor Law §§ 240 and 241 (*see Decavallas v Pappantoniou,* 300 AD2d 617, 618 [2002]; *Angelucci v Sands,* 297 AD2d 764, 766 [2002]; *Moran v Janowski,* 276 AD2d 605, 606 [2000]; *Lang v Havlicek,* 272 AD2d 298 [2000]; *Kelly v Bruno & Son,* 190 AD2d 777, 778 [1993]). The respondent also met her prima facie burden of demonstrating that she was not liable for common-law negligence because she did not owe a duty of care to the plaintiff (*see Sprague v Peckham Materials Corp.,* 240 AD2d 392, 394 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

Further, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for leave to amend the summons and complaint. The plaintiff failed to make the requisite evidentiary showing that a valid cause of action existed against the proposed additional defendant (*see Toscano v Toscano,* 302 AD2d 453 [2003]; *Bartone v County of Nassau,* 286 AD2d 354, 356 [2001]). Florio, J.P., S. Miller, Rivera and Lifson, JJ., concur.