■ ERICK R. UMANZOR, Appellant, v CHARLES HOFER PAINTING & WALLPAPERING, INC., Defendant, and CHARLES HOFER et al., Respondents. (And Third-Party Actions.) [852 NYS2d 205]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Weber, J.), dated January 19, 2006, as granted the motion of the defendants Charles Hofer and Wendy Lopez for summary judgment dismissing the complaint insofar as asserted against them and denied that branch of his cross motion which was for summary judgment against those defendants pursuant to Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

Labor Law § 240 (1) "imposes a nondelegable duty and absolute liability upon owners or contractors for failing to provide safety devices necessary for protection to workers subject to the risks inherent in elevated work sites who sustain injuries proximately caused by that failure" (*Jock v Fien*, 80 NY2d 965, 967-968 [1992]). Owners of one-or two-family dwellings, however, are exempt from liability under Labor Law §§ 240 and 241 unless they directed or controlled the work being performed (*see Bartoo v Buell*, 87 NY2d 362, 367 [1996]; *Cannon v Putnam*, 76 NY2d 644 [1990]). "The exception was enacted to protect those people who, lacking business sophistication, would not know or anticipate the need to obtain insurance to cover them against the absolute liability" (*Milan v Goldman*, 254 AD2d 263 [1998]).

In the case at bar, the defendants Charles Hofer and Wendy Lopez (hereinafter the defendants) demonstrated, prima facie, that they were entitled to the benefit of the exemption as a matter of law (*see Roach v Hernandez,* 38 AD3d 743 [2007]; *Ramirez v Begum,* 35 AD3d 578 [2006]; *Ortiz v Cormier,* 10 AD3d 389 [2004]; *Moran v Janowski,* 276 AD2d 605 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Contrary to the plaintiff's contention, the use of a portion of the defendants' residence for commercial purposes did not automatically cause them to lose the protection of the exemption (*see Ramirez v Begum,* 35 AD3d 578 [2006]; *Small v Gutleber,* 299 AD2d 536 [2002]), since the presence of the office did not detract from the building's primary use as a residence, and any purported commercial activity was incidental thereto (*see Putnam v Karaco Indus. Corp.,* 253 AD2d 457 [1998]; *cf. Krukowski v Steffensen,* 194 AD2d 179 [1993]). Rivera, J.P., Santucci, Covello and Balkin, JJ., concur.