■ REGGIE CANSDALE, Respondent, v POLLY CONN, Appellant. [881 NYS2d 562]—

Appeal from an order of the Supreme Court, Monroe County (John J. Ark, J.), entered April 15, 2008 in a personal injury action. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when the remaining wall of a building on defendant's residential property fell on him. The building had previously collapsed under the weight of snow and ice, and plaintiff was hired by defendant's husband, the owner of Conn's Construction, to assist with the demolition of the remainder of the building. We conclude that Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. With respect to the Labor Law § 240 (1) and § 241 (6) causes of action, we agree with defendant that she is exempt from liability pursuant to the homeowners' exemption set forth therein inasmuch as she is the owner of a single family dwelling who did not direct or control plaintiff's work. It is undisputed that defendant and her husband permitted individuals to store belongings in the building, some of whom compensated them. Defendant met her burden on the motion with respect to those Labor Law sections, however, by establishing that the building was used primarily for the storage of personal belongings, and plaintiff failed to raise an issue of fact whether the building was used "exclusively for commercial purposes" (*Bartoo v Buell*, 87 NY2d 362, 368 [1996]). Where, as here, the work "directly relates to the residential use of the home, even if the work also serves a commercial purpose, [the] owner is shielded by the homeowner exemption from the absolute liability of Labor Law §§ 240 and 241" (*id.*).

We further conclude with respect to the Labor Law § 200 claim and the common-law negligence cause of action that defendant met her burden on the motion by establishing as a matter of law that any negligence on her part was not a proximate cause of plaintiff's injuries, and plaintiff failed to raise an issue of fact sufficient to defeat that part of the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Scudder, P.J., Fahey, Peradotto, Carni and Green, JJ.