■ Jose Telmo Morocho, Appellant, v Marino Enterprises Contracting Corp. et al., Defendants, and Luigia Ricci, Respondent. [885 NYS2d 99]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered June 17, 2008, which granted the motion of the defendant Luigia Ricci for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured while working on a kitchen renovation project at a one-family home owned by the defendant Luigia Ricci, when a power saw he was using to cut a kitchen cabinet recoiled and struck him in the head and face. The plaintiff's employer, the defendant Santo Marino, lived in the home with Ricci's daughter and supervised the renovation project. After the Supreme Court entered a default judgment against Marino and his contracting companies, Ricci moved for summary judgment dismissing the complaint insofar as asserted against her.

Owners of one- and two-family dwellings who do not direct or control the work being performed are statutorily exempt from liability under Labor Law § 241 (6) (*see Bartoo v Buell*, 87 NY2d 362, 367 [1996]; *Cannon v Putnam*, 76 NY2d 644 [1990]; *Chowdhury v Rodriguez*, 57 AD3d 121, 126 [2008]). Ricci made a prima facie showing that she was entitled to the protection of the homeowner's exemption by submitting evidence demonstrating that she neither directed nor controlled the work being performed (*see Reilly v Loreco Constr.*, 284 AD2d 384 [2001]; *Slettene v Ginsburg*, 257 AD2d 656 [1999]; *Jenkins v Jones*, 255 AD2d 805 [1998]; *Lane v Karian*, 210 AD2d 549 [1994]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Contrary to the plaintiff's contention, the fact that Ricci's daughter lived in the home and paid the mortgage and taxes on the property did not

cause Ricci to lose the protection of the exemption, as the arrangement served no commercial purpose (*see Thompson v Geniesse*, 62 AD3d 541 [2009]; *cf. Lombardi v Stout*, 80 NY2d 290 [1992]; *Van Amerogen v Donnini*, 78 NY2d 880, 882 [1991]). Additionally, the renovations, which included the installation of a new kitchen floor and refrigerator, were directly related to the daughter's residential use of the home (*see Bartoo v Buell*, 87 NY2d at 368; *Umanzor v Charles Hofer Painting & Wallpapering, Inc.*, 48 AD3d 552 [2008]; *Ramirez v Begum*, 35 AD3d 578 [2006]).

Furthermore, since the accident arose from the means and methods of the plaintiff's work, and Ricci did not exercise any supervision or control over the work (*see Slettene v Ginsburg*, 257 AD2d 656 [1999]; *Jenkins v Jones*, 255 AD2d 805 [1998]), she was not liable under the common law or Labor Law § 200 for failure to provide a reasonably safe place to work (*see Lombardi v Stout*, 80 NY2d at 294-295; *Small v Gutleber*, 299 AD2d 536 [2002]). Mastro, J.P., Dickerson, Eng and Hall, JJ., concur.