[888 NYS2d 834]

ROBERT DINEEN, Appellant, v DANIEL RECHICHI et al., Respondents, et al., Defendants.

Fourth Department, November 13, 2009

### APPEARANCES OF COUNSEL

*Pulos and Rosell, LLP*, Hornell (*William W. Pulos* of counsel), for appellant.

*Jaeckle Fleischmann & Mugel, LLP*, Buffalo (*Beverley S. Braun* of counsel), for respondents.

### OPINION OF THE COURT

PERADOTTO, J.

In this appeal, we are asked to determine whether Daniel Rechichi and Christine Rechichi (defendants) are entitled to the exemption from liability afforded to owners of one- and two-family dwellings under Labor Law § 240 (1) and § 241 (6) where plaintiff seeks damages for injuries he sustained while repairing a barn on defendants' property, which did not contain a single-family dwelling at the time of the accident. Under the circumstances of this case, we conclude that Supreme Court properly determined that the homeowner exemption applies to defendants because they intended to build a single-family residence on the property at the time of the accident and the barn was used solely for residential purposes.

### Facts and Procedural History

Defendants and two other defendants who are not parties to this appeal are the joint owners of approximately 130 acres of property bordering County Route 113 in Hammondsport. When defendants purchased the undeveloped property in 2001, they planned to build a home, a barn and a pond on a six-acre parcel of the property. In February 2003, defendants hired plaintiff, a self-employed carpenter, to construct a pole barn on the property. On June 17, 2003, plaintiff fell from a ladder while inspecting the roof of the barn for leaks. At the time of the accident, the barn was the only structure located on the property, although defendants subsequently constructed a single-family home on the property.

Plaintiff commenced this action asserting causes of action for violations of Labor Law §§ 200, 240 (1) and § 241 (6), as well as common-law negligence. Defendants moved for summary judgment dismissing the complaint against them on the grounds

that they are entitled to the homeowner exemption under Labor Law § 240 (1) and § 241 (6) and that they are not liable under the Labor Law § 200 and common-law negligence causes of action because they did not direct or control plaintiff's work. Plaintiff cross-moved for partial summary judgment on the Labor Law § 240 (1) cause of action and consented to dismissal of the section 200 cause of action. The court granted defendants' motion and denied plaintiff's cross motion. The court determined with respect to sections 240 (1) and 241 (6) of the Labor Law that defendants were entitled to the homeowner exemption therein because the record established that they intended to use the barn as storage for their personal belongings, not for any commercial purpose, and that the barn was part of defendants' plan to construct a personal residence. We note at the outset, inasmuch as plaintiff does not challenge the dismissal of his common-law negligence cause of action, any issue with respect thereto is deemed abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

## Discussion

Sections 240 (1) and 241 of the Labor Law both exempt from liability "owners of one[-] and two-family dwellings who contract for but do not direct or control the work." Here, it is undisputed that defendants did not direct or control plaintiff's work, and defendants concede that plaintiff is a covered worker under Labor Law § 240 (1) and § 241 (6). Thus, the sole question presented on this appeal is whether defendants are entitled to the benefit of the statutory exemption for owners of one- and two-family dwellings (*see* § 240 [1]; § 241 [6]), despite the fact that plaintiff was injured during the construction of a barn and defendants' residence had not yet been constructed at the time of the accident. Although this case involves somewhat novel facts, we conclude that the court properly determined that defendants are entitled to the benefit of the homeowner exemption and are therefore exempt from liability under Labor Law § 240 (1) and § 241 (6).

The homeowner exemption, which was added to Labor Law § 240 (1) and § 241 in 1980, was

> "intended by the Legislature to shield homeowners from the harsh consequences of strict liability under the provisions of the Labor Law [and] reflect[s] the legislative determination that the typical homeowner is no better situated than the hired worker to

furnish appropriate safety devices and to procure suitable insurance protection" (*Bartoo v Buell*, 87 NY2d 362, 367 [1996]).

The Memorandum of the Law Revision Commission states in support of the amendments that:

"It is unrealistic to expect the owner of a one[-] or two[-]family dwelling to realize, understand and insure against the responsibility sections 240 and 241 now place upon him [or her] . . . [S]uch owners ought to be secure in the reasonable assumption that if they have no direction or control over the work, they cannot be held strictly liable" (Mem of Law Rev Commn, Bill Jacket, L 1980, ch 670).

The Law Revision Commission summarized its position with respect to the amendments in its Recommendation to the 1980 Legislature:

"In short, owners of one[-] and two[-]family dwellings cannot be expected to be in a position, as respects the work, which is dominant over that of the person doing the work . . . This should be true even in the extreme case where the injured worker is a self-employed, self-proclaimed 'contractor' without insurance" (Recommendation of Law Rev Commn, Bill Jacket, L 1980, ch 670).

The statutes do not define "dwelling." In light of the remedial purpose of the amendments, however, the Court of Appeals has cautioned against applying "an overly rigid interpretation of the homeowner exemption and [instead has] employed a flexible 'site and purpose' test to determine whether the exemption applies" (*Bartoo*, 87 NY2d at 367-368). Under that test, "whether the exemption is available to an owner in a particular case turns on the site and purpose of the work" (*Cannon v Putnam*, 76 NY2d 644, 650 [1990]; *see also Trala v Egloff*, 258 AD2d 924 [1999]).

As an initial matter, although plaintiff's accident occurred during the construction of a barn rather than a residence, that fact does not by itself bar application of the homeowner exemption. The courts have not limited the application of the homeowner exemption solely to work performed on the residential structure itself. Indeed, a barn, a garage, or other ancillary structure located on property that also contains a residence clearly falls within the definition of a "dwelling" as interpreted by the courts, so long as the structure serves a residential

purpose (*see e.g. Lista v Newton*, 41 AD3d 1280, 1281-1282 [2007] [barn used to store the property of the defendant and to shelter horses owned by her daughter]; *Crowningshield v Kim*, 19 AD3d 975, 975-977 [2005], *lv denied* 5 NY3d 711 [2005] [barn used to store, inter alia, the personal items of the defendants unrelated to their farm business]; *Lyon v Kuhn*, 279 AD2d 760, 761 [2001] [outbuilding used as a garage to store the defendant's possessions]; *Farrell v Okeic*, 266 AD2d 892 [1999] [barn used to store the personal belongings of the defendant, including tools and equipment, and his mother's household furniture]). As the Court of Appeals reasoned in *Bartoo*,

> "the fact that the work was performed on the barn and not on the residential home itself does not alter the analysis; the barn, located on [the defendant's] property and used in part for personal storage purposes, is akin to a garage and should be considered an extension of the dwelling within the scope of the homeowner exemption" (87 NY2d at 369).

Here, defendant husband testified at his deposition that he used the barn to store household goods, a tractor, an all-terrain vehicle (ATV) and other personal items unrelated to his upholstery business.

Here, however, the issue before us is whether the homeowner exemption applies to property that is intended for use as a single-family residence but on which no dwelling has yet been constructed at the time of the plaintiff's accident, and the plaintiff is injured during the construction of an ancillary structure. Although defendants have not cited, nor has our research uncovered, any case law addressing facts similar to those presented here, we conclude that "the remedial purposes and protective goals underlying the 1980 amendments to Labor Law § 240 (1) and § 241 are best served by extending the dwelling-owner exemption to defendant[s'] situation" (*Cannon*, 76 NY2d at 651). In our view, the fact that defendants hired plaintiff to build the barn prior to building their home does not deprive them of the benefit of the homeowner exemption inasmuch as the record establishes that defendants intended to build a single-family dwelling on the property and had taken steps to effectuate that plan prior to plaintiff's accident.

It is well established that the "site and purpose" test "must be employed on the basis of the homeowners' intentions at the time of the injury underlying the action" (*Allen v Fiori*, 277 AD2d 674, 675 [2000]; *see Davis v Maloney*, 49 AD3d 385 [2008];

*Pastella v Hulbert Bldrs.*, 305 AD2d 998, 999 [2003]; *Moran v Janowski*, 276 AD2d 605, 606 [2000]). Here, defendant husband testified at his deposition that, when he and defendant wife purchased the property in 2001, they planned to construct a home, a barn, and a pond on the property. That plan is documented in a February 2003 application for a building permit to construct the barn, which contains a diagram depicting a barn, a pond, and a circular driveway leading to a structure labeled "[h]ouse in future." Similarly, a March 2003 application for sketch plat review lists the pole barn as the only existing structure and lists "[r]esidential [h]ouse" as the proposed structure. The accompanying survey map depicts the six-acre parcel on County Route 113 containing, inter alia, the site of defendants' future home. Moreover, prior to plaintiff's accident, defendants installed a driveway to provide access to their future house, applied for a proposed subdivision to construct a residence on the property, sought financing for their new home, and entered into a contract to sell their existing residence. We thus conclude that defendants met their burden of establishing the applicability of the homeowner exemption under the facts of this case (*see Cansdale v Conn*, 63 AD3d 1622, 1623 [2009]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In opposition to the motion, plaintiff failed to raise a triable issue of fact with respect to the residential character of the property or the use of the barn for nonresidential purposes (*see Cansdale*, 63 AD3d at 1623; *see generally Zuckerman*, 49 NY2d at 562). To the contrary, plaintiff submitted evidence of the actions of defendants subsequent to the accident, which were wholly consistent with their expressed intent to build a home on the property. On July 15, 2003, defendants applied for a permit to build a two-story residential home on the property. Construction of the home commenced in September 2003, and defendants moved into their home in spring 2004. Plaintiff submitted no evidence that any portion of the property was utilized for commercial purposes at the time of the accident, let alone that the barn was used " 'exclusively for commercial purposes' " (*see Cansdale*, 63 AD3d at 1623, quoting *Bartoo*, 87 NY2d at 368). Plaintiff's assertion in an affidavit that, because defendants "had a tractor, loader and ATV with a pond nearby, it made sense this might be a barn for agricultural, commercial or recreational use" was purely speculative and thus was insufficient to raise a triable issue of fact concerning the applicability

of the homeowner exemption (*see generally Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 934 [1999]).

To the extent that plaintiff contends that the status of defendant husband as a small business owner removes him from the class of unsophisticated persons that the homeowner exemption is designed to protect, we note that there is no "separate 'degree of sophistication' " analysis under Labor Law §§ 240 and 241 (*Sweeney v Sanvidge*, 271 AD2d 733, 735 [2000], *lv dismissed* 95 NY2d 931 [2000]). In any event, that contention lacks merit (*see Allen*, 277 AD2d at 675).

## Conclusion

Accordingly, based on our determination that defendants are entitled to the benefit of the homeowner exemption under Labor Law § 240 (1) and § 241 (6), we conclude that the order should be affirmed.

CENTRA, J.P., FAHEY, CARNI and GORSKI, JJ., concur.

It is hereby ordered that the order so appealed from is unanimously affirmed, without costs.