■ VICTOR T. JIMENEZ, Appellant, v FRANCISCO PACHECO, Respondent, et al., Defendant. [900 NYS2d 903]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated December 3, 2009, as granted that branch of the motion of the defendant Francisco Pacheco which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Francisco Pacheco (hereinafter Pacheco) is the owner of real property located in Central Islip. The property is

improved by a single-family home in which the plaintiff and his family reside, and a detached garage. During the morning of December 27, 2006, the plaintiff, an employee of the defendant Cabinets Direct, Inc., was working on a renovation project at the detached garage when a nail gun he was using allegedly malfunctioned, causing him to shoot himself in the abdomen. Thereafter, he commenced this action against Pacheco and Cabinets Direct, Inc. The Supreme Court granted Pacheco's motion for summary judgment dismissing the complaint insofar as asserted against him. The plaintiff appeals, as limited by his brief, from so much of the order as granted that branch of the motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against Pacheco based upon the homeowners' exemption contained in Labor Law § 241. We affirm the order insofar as appealed from.

Owners of one- or two-family dwellings are exempt from liability under Labor Law § 241 unless they directed or controlled the work being performed (*see Ortega v Puccia*, 57 AD3d 54, 60 [2008]; *Umanzor v Charles Hofer Painting & Wallpapering, Inc.*, 48 AD3d 552 [2008]). Pacheco demonstrated, prima facie, that he was entitled to the protection of the homeowners' exemption as a matter of law (*see Bartoo v Buell*, 87 NY2d 362 [1996]; *Ortega v Puccia*, 57 AD3d at 60; *Umanzor v Charles Hofer Painting & Wallpapering, Inc.*, 48 AD3d at 553; *Ramirez v Begum*, 35 AD3d 578, 579 [2006]; *Allen v Fiori*, 277 AD2d 674 [2000]; *Suydan v Kaden*, 272 AD2d 832, 833 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to the plaintiff's contentions, the record is devoid of any evidence that the renovation work on the detached garage was performed exclusively for commercial purposes or that it was unrelated to the residential use of the home (*see Umanzor v Charles Hofer Painting & Wallpapering, Inc.*, 48 AD3d at 553; *Ramirez v Begum*, 35 AD3d at 579; *Allen v Fiori*, 277 AD2d at 675). Accordingly, the Supreme Court properly granted that branch of Pacheco's motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against him. Rivera, J.P., Florio, Miller and Austin, JJ., concur.