# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1342**
**CA 11-00541**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

JOSEPH BYRD, PLAINTIFF-RESPONDENT,

                    V                              MEMORANDUM AND ORDER

FREDERICK E. RONEKER, JR., DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.
(APPEAL NO. 1.)

---

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (NANCY A. LONG OF COUNSEL),
FOR DEFENDANT-APPELLANT.

BARRY J. DONOHUE, TONAWANDA, FOR PLAINTIFF-RESPONDENT.

--------------------------------------------------------------------------

     Appeal from an order of the Supreme Court, Erie County (Diane Y.
Devlin, J.), entered October 25, 2010 in a personal injury action.
The order denied the motion of defendant Frederick E. Roneker, Jr. for
summary judgment dismissing the complaint.

     It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted,
and the complaint against defendant Frederick E. Roneker, Jr. is
dismissed.

     Memorandum:  Plaintiff commenced this action seeking damages for
personal injuries he sustained when he fell from a ladder while
cutting a tree limb at a single-family home owned by Frederick E.
Roneker, Jr. (defendant).  Defendant hired a contractor to repair the
roof of his home, and the contractor in turn hired plaintiff as an
independent contractor to cut tree branches that extended over the
roof.  The complaint asserts causes of action for the violation of
Labor Law § 240 (1) and § 241 (6), as well as for common-law
negligence.  In appeal No. 1, defendant appeals from an order denying,
without prejudice to renew following additional discovery, his motion
for summary judgment dismissing the complaint against him.  In appeal
No. 2, defendant appeals from an order denying his motion seeking to
settle the record on appeal by excluding plaintiff's memorandum of law
therefrom.

     Addressing first the order in appeal No. 2, we conclude that
plaintiff's memorandum of law was properly included in the record on
appeal, but only for the limited purpose of determining whether
certain of plaintiff's contentions are preserved for our review (*see
Matter of Lloyd v Town of Greece Zoning Bd. of Appeals* [appeal No. 1],
292 AD2d 818, 818-819, *lv dismissed in part and denied in part* 98 NY2d

691, *rearg denied* 98 NY2d 765).  The memorandum of law otherwise is not properly before us, however, inasmuch as it is well settled that "[u]nsworn allegations of fact in [a] memorandum of law are without probative value" (*Zawatski v Cheektowaga-Maryvale Union Free School Dist.*, 261 AD2d 860, *lv denied* 94 NY2d 754).  We therefore modify the order in appeal No. 2 accordingly.

With respect to the order in appeal No. 1, we conclude that Supreme Court erred in denying defendant's motion.  Labor Law § 240 (1) and § 241 (6) both exempt from liability "owners of one[-] and two-family dwellings who contract for but do not direct or control the work" (*see Pfaffenbach v Nemec*, 78 AD3d 1488).  In support of his motion, defendant established as a matter of law that he did not direct or control plaintiff's work, and in response plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  " 'Whether an owner's conduct amounts to directing or controlling depends upon the degree of supervision exercised over the method and manner in which the work is performed' " (*Gambee v Dunford*, 270 AD2d 809, 810; *see Affri v Basch*, 13 NY3d 592, 596; *Burnett v Waterford Custom Homes, Inc.*, 41 AD3d 1216, 1217).  "There is no direction or control if the owner informs the worker what work should be performed, but there is direction and control if the owner specifies *how* that work should be performed" (*Gambee*, 270 AD2d at 810 [emphasis added]).

Here, although defendant instructed plaintiff to cut down the tree limb in question and told him to cut the limb at its base, there is no evidence that defendant told plaintiff how to perform that task, nor did defendant provide plaintiff with any tools or equipment (*see generally Affri*, 13 NY3d at 596).  In fact, it is undisputed that defendant was inside the house when plaintiff fell.  The mere fact that defendant told plaintiff that he wanted the limb cut at its base, rather than where plaintiff initially had begun to cut the limb, does not subject him to liability under Labor Law § 240 (1) or § 241 (6) (*see Affri*, 13 NY3d at 596).  Indeed, we conclude that this case is analogous to *Schultz v Noeller* (11 AD3d 964, 965), wherein we held that the homeowner's directive concerning where to install electrical outlets and switches, but not how to install them, did not constitute the requisite direction or control over the manner or method of the injured plaintiff's work to render the homeowner liable under sections 240 (1) or 241 (6).

We further reject plaintiff's contention that there is an issue of fact whether defendant was having the work done at his house for commercial purposes, which would also render the homeowner exemption inapplicable (*see generally Dineen v Rechichi*, 70 AD3d 81, *lv denied* 14 NY3d 703).  Although plaintiff submitted evidence that defendant was having his roof repaired upon the advice of a realtor who intended to list the property for sale, defendant was residing in the house at the time of the accident, and thus the house remained his "dwelling" within the meaning of Labor Law § 240 (1) and § 241 (6) (*cf. Truppi v Busciglio*, 74 AD3d 1624; *Lenda v Breeze Concrete Corp.*, 73 AD3d 987, 989).  Where, as here, the work "directly relates to the residential

use of the home, even if the work also serves a commercial purpose, [the] owner is shielded by the homeowner exemption from the absolute liability" of sections 240 (1) and 241 (6) (*Bartoo v Buell*, 87 NY2d 362, 368; *see Cansdale v Conn*, 63 AD3d 1622).

With respect to the common-law negligence cause of action, which both parties construe as also asserting a violation of Labor Law § 200, we conclude that the court should have also granted that part of defendant's motion for summary judgment dismissing that cause of action. Defendant established as a matter of law that he did not exercise supervisory control over plaintiff's work and that he neither created nor had actual or constructive notice of the allegedly dangerous condition that caused the accident, and plaintiff failed to raise an issue of fact (*see Karcz v Klewin Bldg. Co., Inc.*, 85 AD3d 1649, 1651-1652; *Talbot v Jetview Props., LLC*, 51 AD3d 1396, 1397).

Finally, we note that, although the court denied defendant's motion without prejudice to renew following completion of discovery, depositions had in fact been completed, and the only items of discovery still outstanding were the written contract between defendant and the contractor, and the listing agreement between defendant and his realtor. Because there is no indication on the record before us that either document would be relevant to the dispositive issues of whether defendant is liable under the Labor Law or for common-law negligence, we conclude that neither document would reveal "facts essential to justify opposition" to the motion (CPLR 3212 [f]). Thus, the court should have granted defendant's motion even though defendant had not yet produced the requested documents.

Entered:  December 30, 2011

Frances E. Cafarell
Clerk of the Court