# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

789

CA 15-01752

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

JASON FAWCETT AND CYNTHIA FAWCETT,
PLAINTIFFS-APPELLANTS,

V                                    MEMORANDUM AND ORDER

FRANKLYN COLE STEARNS, DEFENDANT-RESPONDENT.

---

BROWN CHIARI LLP, LANCASTER (ERIC SHELTON OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

GOLDBERG SEGALLA LLP, BUFFALO (PAUL D. MCCORMICK OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Chautauqua County (Paul Wojtaszek, J.), entered May 15, 2015. The order, inter alia, granted that part of the motion of defendant for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) claims and denied the cross motion of plaintiffs for partial summary judgment on the issue of liability under Labor Law § 240 (1).

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Jason Fawcett (plaintiff) when he fell from a roof while renovating a cottage owned by defendant and located within the grounds of the Chautauqua Institution (Institution). Plaintiffs contend that Supreme Court erred in granting that part of defendant's motion for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) claims on the basis that defendant is exempt from liability as the owner of a single-family dwelling, and that the court should have granted their cross motion for partial summary judgment on the issue of liability under section 240 (1). We conclude that the court properly granted that part of defendant's motion and denied plaintiffs' cross motion.

Both Labor Law §§ 240 (1) and 241 exempt from liability "owners of one[-] and two-family dwellings who contract for but do not direct or control the work" (*see Byrd v Roneker*, 90 AD3d 1648, 1649; *Dineen v Rechichi*, 70 AD3d 81, 83, *lv denied* 14 NY3d 703). The homeowner exemption was added to Labor Law §§ 240 (1) and 241 in 1980, and "was 'intended by the Legislature to shield homeowners from the harsh consequences of strict liability under the provisions of the Labor Law [and] reflect[s] the legislative determination that the typical

homeowner is no better situated than the hired worker to furnish appropriate safety devices and to procure suitable insurance protection' " (*Dineen*, 70 AD3d at 83-84, quoting *Bartoo v Buell*, 87 NY2d 362, 367).  "[T]he existence of both residential and commercial uses on a property does not automatically disqualify a dwelling owner from invoking the exemption.  Instead, whether the exemption is available to an owner in a particular case turns on the site and purpose of the work" (*Cannon v Putnam*, 76 NY2d 644, 650).  "[T]he 'site and purpose' test 'must be employed on the basis of the homeowners' intentions at the time of the injury underlying the action' " (*Dineen*, 70 AD3d at 85).

Contrary to plaintiffs' contention, we conclude that defendant met his burden of establishing the applicability of the homeowner exemption (*see Cansdale v Conn*, 63 AD3d 1622, 1623; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Defendant's submissions in support of his motion, including his deposition testimony, establish that he purchased the cottage with the intention of renovating it so that he and his wife could use it "as a getaway, second home" and eventually as a retirement property.  Inasmuch as the cottage is located within the grounds of the Institution, defendant also intended to rent the property.  One of the upgrades to the cottage that defendant and his wife decided to make was to install dormers in order to make the second floor more accommodating because the sloping ceilings were very steep and left little headroom in the bedrooms and bathroom.  Defendant testified that his wife did not want to spend time at the cottage unless the second floor was comfortable and livable, and defendant acknowledged that adding dormers would serve the further purpose of making the property more attractive to renters.  It is undisputed that defendant subsequently hired plaintiff's employer to install the dormers and that plaintiff was injured while performing that work, which defendant did not direct or control.  Consistent with his intentions at the time of plaintiff's accident, defendant thereafter rented the cottage for eight of the nine weeks during the summer season at the Institution, while he and his wife stayed there for one week during the season and almost every weekend during the following off-season.  Defendant also winterized the cottage, which was consistent with his intention to use it as a year-round getaway rather than merely a summer rental property.  Based on the foregoing, we conclude that defendant established that the work performed by plaintiff directly related to the intended residential use of the cottage by defendant and his wife as a second home even though it also served the commercial purpose of making the property more attractive to renters and, as a consequence, defendant "is shielded by the homeowner exemption from the absolute liability of Labor Law §§ 240 and 241" (*Bartoo*, 87 NY2d at 368; *see Farias v Simon*, 122 AD3d 466, 467; *Stephens v Tucker*, 184 AD2d 828, 829).

We further conclude that plaintiffs failed to raise a triable issue of fact in opposition (*see generally Zuckerman*, 49 NY2d at 562).  The record does not support plaintiffs' assertion that defendant intended to use the cottage exclusively for commercial purposes or that the renovation work was unrelated to the residential use of the property (*see Farias*, 122 AD3d at 467-468; *Jimenez v Pacheco*, 73 AD3d

1129, 1130).  Contrary to plaintiffs' further contention, inasmuch as the record establishes that defendant used the cottage for both commercial rental and residential purposes, he is still entitled to the exemption despite the fact that he reported on his federal tax return that he received income from renting the property (*see Crowningshield v Kim*, 19 AD3d 975, 977, *lv denied* 5 NY3d 711).  Finally, to the extent that plaintiffs contend that defendant does not fall within the class of persons that the homeowner exemption is designed to protect because he is an insurance professional with a legal education who demonstrated business acumen by renting the cottage, we conclude that plaintiffs' contention is without merit inasmuch as "there is no separate degree of sophistication analysis under Labor Law §§ 240 and 241" (*Dineen*, 70 AD3d at 87 [internal quotation marks omitted]).

Entered:  September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court