Brown v University of Rochester (2024 NY Slip Op 01134)

Brown v University of Rochester

2024 NY Slip Op 01134

Decided on February 29, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 29, 2024

534967
[*1]Rebekah Brown, Respondent,
v
University of Rochester et al., Defendants, and Delta Kappa Epsilon, Appellant.

Calendar Date:January 8, 2024

Before:Garry, P.J., Pritzker, Lynch, Fisher and Powers, JJ.

Swartz Campbell LLC, Philadelphia, Pennsylvania (William F. Conway of counsel), for appellant.
Martin A. Miranda, Albany, for respondent.

Powers, J.
Appeal from an order of the Supreme Court (L. Michael Mackey, J.), entered January 20, 2022 in Albany County, which denied a motion by defendant Delta Kappa Epsilon to dismiss the complaint against it.
In August 2021, plaintiff commenced this action under the Child Victims Act (see L 2019, ch 11) seeking to recover damages for alleged sexual assaults she endured when she was a student at defendant University of Rochester. As more fully set forth in a prior decision of this Court (216 AD3d 1328 [3d Dept 2023]), plaintiff alleged in the complaint that on each of two separate occasions in 1984 — at which time she was a 17-year-old freshman at the University — she attended a party at the fraternity house of defendant Delta Kappa Epsilon (hereinafter DKE). That fraternity house was located on campus and, on both occasions, plaintiff was rendered incapacitated by alcohol spiked with drug(s) and then sexually assaulted, each time by a different member of the fraternity. Plaintiff avers that she reported both sexual assaults to a University counselor but no investigation by appropriate authorities ensued. Plaintiff seeks to recover damages asserting various causes of action against several defendants, including negligence against the University, negligence against DKE and sexual assault against one particular fraternity member whom she alleges perpetrated the first sexual assault. DKE appeals from Supreme Court's denial of its motion to dismiss.
Previously, this Court affirmed denial of the University's motion to dismiss the complaint, finding "that where, as here, a complaint alleges that a university received credible reports of ongoing and pervasive criminal conduct against students, perpetrated on campus by other students within the university's control, the university had a legal duty to take appropriate responsive action" (id. at 1332 [emphasis omitted]). Those same principles are pertinent as to the claim against DKE.
On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must "accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Maas v Cornell Univ., 94 NY2d 87, 91 [1999]; Cron v Hargro Fabrics, 91 NY2d 362, 366 [1998]; Singe v Bates Troy, Inc., 206 AD3d 1528, 1530 [3d Dept 2022]; Matter of Santander Consumer USA, Inc. v Kobi Auto Collision & Paint Ctr., Inc., 183 AD3d 984, 987 [3d Dept 2020]). "The question to be resolved on such a motion is not whether the plaintiff can ultimately establish his or her allegations and is likely to prevail, but whether, if believed, his or her complaint sets forth facts that constitute a viable cause of action" (F.F. v State of New York, 194 AD3d 80, 83 [3d Dept 2021] [brackets omitted], appeal dismissed & lv denied 37 NY3d 1040 [2021], cert denied ___ US ___, [*2]1425 S Ct 2738 [2022]; see Collyer v LaVigne, 202 AD3d 1335, 1341 [3d Dept 2022], lv dismissed 39 NY3d 925 [2022]). In fact, on a motion to dismiss pursuant to CPLR 3211 (a) (7), a court may not search the record or address the merits of whether the moving party has defenses (see Unadilla Silo Co. v Ernst & Young, 234 AD2d 754, 754 [3d Dept 1996]). Rather, a court is "substantially more constrained in its review, examining only the plaintiff's pleadings and affidavits" (Carr v Wegmans Food Mkts., Inc., 182 AD3d 667, 668 [3d Dept 2020]; see Miglino v Bally Total Fitness of Greater N.Y., Inc., 20 NY3d 342, 351 [2013]).
"It is fundamental to the principal/agent relationship that [a principal] is liable to a third person for the wrongful or negligent acts . . . of its agent when made within the general or apparent scope of the agent's authority" (Bicounty Brokerage Corp. v Burlington Ins. Co., 88 AD3d 833, 835 [2d Dept 2011] [internal quotation marks and citations omitted]). As relevant here, in the absence of disbandment of the particular local chapter, a plaintiff can successfully plead, for CPLR 3211 (a) (7) purposes, that a national fraternity like DKE can be liable under an agency theory (see generally Parslow v Leake,117 AD3d 55, 71 [4th Dept 2014]).
DKE, however, maintains that, as the national organization, it had no role in the day-to-day operations of the local chapter located on the University campus, known as Beta Phi Chapter — a distinct entity and a nonparty to the litigation. Contending that it has no principal-agency relationship with Beta Phi Chapter, DKE contends that it cannot be held vicariously liable for the events leading to the sexual assaults against petitioner. We find DKE's argument unpersuasive for a number of reasons. To begin, there is a difference between controlling the day-to-day activities of a local chapter, as compared to addressing ongoing illegal activities once notified that such activities are taking place (see generally Oja v Grand Ch. of Theta Chi Fraternity, 255 AD2d 781, 781-782 [3d Dept 1998]). The complaint alleges that DKE had actual and/or constructive notice of ongoing, illegal activities involving alcohol and sex abuse at Beta Phi Chapter. The record documentation also reflects a principal-agency relationship between DKE and its local chapter. Specifically, the local chapters are required to make payments to DKE to remain in good standing. A DKE Chapter Services document states that DKE provides support and guidance to the local chapters in a variety of areas, including "harm prevention." The documentation further indicates that some local chapters have become inactive due to "health [and] safety concerns that demanded action from the International Fraternity." DKE also requires local chapters to "maintain the Fraternity Standards" and to intervene in and report violations. Included within the DKE fraternity standards is a section addressing sexual misconduct. Given the foregoing, Supreme Court properly [*3]determined that the complaint adequately states a claim from which a principal-agent relationship exists between DKE and the local chapter and that DKE had a duty to take responsive actions to the alleged illegal activities but failed to do so (see generally Doe v Brown Univ., 304 F Supp 3d 252, 264 [D RI 2018]. As such, Supreme Court properly denied the motion.
Garry, P.J., Pritzker, Lynch and Fisher, JJ., concur.
ORDERED that the order is affirmed, with costs.