■ WILLIAM LAWLESS, JR., Respondent, v MICHAEL KERA, Defendant and Third-Party Plaintiff-Appellant, et al., Appellants. CHARLES WATSON, Third-Party Defendant-Respondent. [687 NYS2d 169] —In an action to recover damages for personal injuries, the defendant third-party plaintiff, Michael Kera, appeals from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), dated April 15, 1998, as (1) awarded the plaintiff partial summary judgment on his Labor Law § 240 (1) cause of action, and (2) denied his cross motion for summary judgment dismissing the complaint and for summary judgment on the third-party complaint, and the defendants Kera Construction Corp. and Vanessa Development Co., Inc., separately appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Labor Law § 240 (1) imposes absolute liability on all property owners and contractors for injuries sustained by a worker

resulting from the absence of proper safety devices when that worker falls from a height (*see generally, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Bland v Manocherian,* 66 NY2d 452). However, the statute contains an exception to owner liability for the owners of one- and two-family dwellings who "contract for but do not direct or control the work" (Labor Law § 240 [1]; § 241; *Cannon v Putnam,* 76 NY2d 644; *Lombardi v Stout,* 80 NY2d 290). Contrary to the contention of the appellant Michael Kera, he does not come within the statutory exception. As stated by the Court of Appeals in *Van Amerogen v Donnini* (78 NY2d 880, 882-883): "[W]e find no basis for concluding that this exemption should be expanded to encompass homeowners who use their one or two-family premises entirely and solely for commercial purposes and who hardly are lacking in sophistication or business acumen such that they would fail to recognize the necessity to insure against the strict liability imposed by the statute. Such owners do not fall within the class protected by the exemption (*see, Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 563)." Kera, who was experienced in the construction business, admitted that he was building the house where the plaintiff fell solely for the purpose of selling it. Accordingly, he did not come within the exemption for the owners of one-family dwellings (*see, Van Amerogen v Donnini, supra; Morelock v Danbrod Realty Corp.,* 203 AD2d 733; *Zangiacomi v Hood,* 193 AD2d 188). Since the evidence does not support Kera's recalcitrant worker defense (*see, Gordon v Eastern Ry. Supply,* 82 NY2d 555), and since contributory negligence of the worker is not a defense to a Labor Law § 240 (1) cause of action (*see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513), the court properly granted summary judgment to the plaintiff on his Labor Law § 240 (1) cause of action.

The court also properly denied Kera's cross motion for summary judgment on the third-party complaint, and the cross motion of Kera Construction Corp. and Vanessa Development Co., Inc., for summary judgment dismissing the complaint, in light of the fact that there exist triable issues of fact.

The appellants' remaining contentions are without merit. Santucci, J. P., Joy, Altman and Luciano, JJ., concur.