■ TOWN OF HEMPSTEAD, Respondent, v LIZZA INDUSTRIES, INC., Appellant. (And a Third-Party Action.) [741 NYS2d 431] —In an action, inter alia, to recover damages for trespass and nuisance, the defendant appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated January 22, 2001, which, in effect, granted the plaintiff's motion pursuant to

CPLR 3211 (b) to dismiss the defendant's affirmative defense of the statute of limitations as to the fourth cause of action, and, sua sponte, dismissed the defendant's affirmative defense of the statute of limitations as to the second cause of action.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, dismissed the defendant's affirmative defense of the statute of limitations as to the second cause of action is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, and the motion is denied; and it is further,

Ordered that the appellant is awarded one bill of costs.

CPLR 3211 (b) provides that "[a] party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit." As the party moving for dismissal of a defense as a matter of law, the plaintiff, Town of Hempstead, had the burden of proving its entitlement to such relief (*see Palais Partners v Vollenweider,* 173 Misc 2d 8).

The Town did not move to dismiss the defendant's affirmative defense of the statute of limitations as to the second cause of action alleging trespass. Its motion was expressly and explicitly limited to dismissing the statute of limitations defense "with respect to Plaintiff's Fourth Cause of Action sounding in Continuing Public Nuisance." Thus, the Supreme Court erred in granting this unrequested relief.

The court also erred in granting the Town's motion to dismiss the defendant's affirmative defense of the statute of limitations as to the fourth cause of action alleging nuisance. A defendant moving to dismiss a cause of action as time barred bears the initial burden of establishing that the time to sue has expired (*see Savarese v Shatz,* 273 AD2d 219; *Assad v City of New York,* 238 AD2d 456). By parity of reasoning, a plaintiff moving to dismiss a statute of limitations defense bears a converse burden: to show that the cause of action is timely. The Town failed to meet that burden.

The parties' remaining contentions are without merit. Prudenti, P.J., Santucci, S. Miller and Friedmann, JJ., concur.