■ MIGUEL AMARIS, Appellant, v SHARP ELECTRONICS CORPORATION, Respondent. [758 NYS2d 637] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered March 1, 2002, which, to the extent appealed from as limited by the briefs, granted defendant Sharp Electronics Corporation's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In view of the loss of key evidence that defendant never had an opportunity to examine, the court properly granted summary judgment as a sanction for spoliation (*see Mudge, Rose, Guthrie, Alexander & Ferdon v Penguin A.C. Corp.*, 221 AD2d 243 [1995]). Plaintiff made no showing that defendant was on notice that he intended to commence litigation until one year following the accident. Although he was aware the television that allegedly caused the injury was a crucial piece of evidence, he negligently failed to take sufficient steps to assure its preservation. The spoliation was clearly the result of plaintiff's negligence notwithstanding the fact that the television set was

owned by plaintiff's employer, a nonparty (*compare Maliszewska v Potamkin N.Y. LP Mitsubishi Sterling*, 281 AD2d 353 [2001]). Defendant did nothing to contribute to the loss of the evidence, and its unavailability for examination and analysis was highly prejudicial (*see Squitieri v City of New York*, 248 AD2d 201, 203 [1998]).

In any event, plaintiff failed to offer sufficient evidence that the television set which injured him was manufactured by defendant, as is required to maintain a product liability action (*see Healey v Firestone Tire & Rubber Co.*, 87 NY2d 596, 601 [1996]). Plaintiff, who was injured while working in an appliance store, did not personally know which of various brands of televisions caused his injuries, and he did not provide competent evidence to establish a "reasonable probability" (*id.* at 602) that defendant manufactured the television in question. Concur—Tom, J.P., Saxe, Williams, Lerner and Marlow, JJ.