*454 OPINION OF THE COURT
Terry Jane Ruderman, J.
Claim No. 96927 alleges that on May 14, 1996 claimant, an inmate at Sing Sing Correctional Facility, was a student in the facility workshop when he amputated the upper joint of his left middle finger and severely lacerated the fourth finger of his left hand. Claimant contends that his injury was due to an allegedly unsafe router that did not have the proper safety guards in place. A report of inmate injury was completed on that date (claimant’s motion papers, exhibit 1) and on May 15, 1996, the vocational education supervisor informed Fire and Safety Offi,cer Noel Morris, in writing, of the details of claimant’s accident (claimant’s motion papers, exhibit 3). A claim was served and filed on September 8, 1997.
Claimant seeks an order striking defendant’s answer on the basis of defendant’s failure to provide claimant with: (1) an accident investigation report prepared by Fire and Safety Officer Morris, and (2) weekly inspection maintenance reports for the router. In support of his application, claimant cites to defendant’s own directives which require that such reports be made. Specifically, Directive 4065 (IV) (C) provides:
“The Fire/Safety Officer shall:
“1. thoroughly investigate any case of serious accidental injury to any person within the facility, or any other ‘recordable’ injury as defined in II-D or E (above), and complete an ‘Accident/Injury investigation report’ (Form 1599) with the employee’s supervisor;
“2. establish and maintain annual logs (Forms 1592, 1592.1 and 1593) to provide running records of employee/volunteer, visitor, contractor, and inmate accidents” (claimant’s motion papers, exhibit 13).
Additionally, Directive 4064 II D (6) provides: “[s]hop foremen, vocational instructors, and maintenance supervisors shall inspect all machinery in their areas on a weekly basis to ensure that all machinery and safety equipment is in working order. The weekly inspection shall be in conformance with Directive No. 4066, ‘Facility Safety and Environmental Services Inspections’ ” (claimant’s motion papers, exhibit 12).
In opposition to claimant’s motion, defendant submits the affidavit of Fire and Safety Officer Morris, who has held his position of employment for the past 21 years. Morris’ affidavit states in pertinent part:
*455 “2. During the normal course of business, in addition to other duties, I investigate any case of serious accidental injury, establish and maintain annual logs as outlined in New York State Department of Correctional Services (‘DOCS’) Directive 4065 . . . review and maintain inspection reports as outlined in DOCS Directive 4066 . . .
“3. Annexed hereto is Form 1593 — Inmate Accident Log for May 14, 1996. On this document, I noted, in my handwriting, that claimant’s accident was investigated. I would not have made such a notation unless I had investigated the accident.
“4. I conducted my investigation of Claimant’s accident injury on May 14, 1996. My investigation consisted of taking photographs of claimant’s injury, photographing the incident scene, obtaining statements from the area supervisor and filing all of the above with the Report of Inmate Injury report. There was no formal report of my investigation— per se.
“5. Pursuant to DOCS Directive 4066, Section VI, inspection forms shall be retained for a three-year period.
“6. It has always been my procedure to destroy all expired inspection records at the end of each calendar year. Accordingly, inspection records for the period of January 1996 through May 1996 would have been destroyed at the end of 1999” (defendant’s affirmation in opposition, exhibit A).
“To impose the drastic remedy of striking a pleading pursuant to CPLR 3126, there must be a clear showing that a party’s failure to comply with discovery demands was willful, contumacious, or in bad faith” (Mylonas v Town of Brookhaven, 305 AD2d 561, 562-563 [2003]). According to the affidavit of Fire and Safety Officer Morris, he never made a “formal report” of his investigation of claimant’s accident and the maintenance records were destroyed in 1999 pursuant to defendant’s usual custom (defendant’s affirmation in opposition, exhibit A, 1111 4, 6). Defendant also argues that the maintenance records were never specifically identified in claimant’s discovery demands. The court finds that Morris’ affidavit is not dispositive of these issues, nor is defendant’s argument persuasive. Among other things, a claim was filed in 1997 which should have prompted defendant to preserve these documents (cf. Amaris v Sharp *456 Elecs. Corp., 304 AD2d 457 [2003] [plaintiff made no showing that defendant was on notice that he intended to commence litigation until one year postaccident]). Whether the destruction of the maintenance records was willful and the circumstances surrounding the absence of a formal report by the fire and safety officer present credibility issues and genuine issues of fact which cannot be determined at this time and must await resolution at trial (see Lawrence Ins. Group v KPMG Peat Marwick, 5 AD3d 918 [2004] [whether defendant destroyed documents in good faith and pursuant to normal business practice presented a triable issue of fact]).
Accordingly, upon consideration of the oral argument and review of the papers submitted, claimant’s motion is denied to the extent that it seeks to strike defendant’s answer. The court, however, does find that claimant has made a sufficient showing to warrant an adverse inference that, had the records sought been produced, they would have been unfavorable to defendant (see Ifraimov v Phoenix Indus. Gas, 4 AD3d 332 [2004]; Tommy Hilfiger, USA v Commonwealth Trucking, 300 AD2d 58 [2002]; Favish v Tepler, 294 AD2d 396 [2002]).
Upon hearing the witnesses testify and observing their demeanor at trial, the court will reconsider claimant’s application to strike the answer.