■ PATRICK MORGAN, Respondent-Appellant, v STEVEN ROSSELLI, Appellant-Respondent. [804 NYS2d 763]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), entered October 15, 2004, which, upon the granting of the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability on the cause of action to recover damages based upon a violation of Labor Law § 240 (1), made at the close of the evidence, and upon a jury verdict on the issue of damages, is in favor of the plaintiff and against him in the principal sum of $607,000, and the plaintiff cross-appeals, as limited by his brief, on the ground of inadequacy, from so much of the same judgment as awarded him the principal sums of only $201,000 for past pain and suffering and $380,000 for future pain and suffering.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff damages for past lost earnings in the principal sum of $26,000 and substituting therefor a provision dismissing so much of the complaint as sought damages for past lost earnings; as so modified, the judgment is affirmed, without costs or disbursements.

The trial court properly found that the single-family homeowner exemption from liability under Labor Law § 240 (1) was inapplicable to this case, as the evidence at trial demonstrated

that the work being performed at the time of the plaintiff's accident was for a commercial purpose (*see Lombardi v Stout*, 80 NY2d 290, 296 [1992]; *Van Amerogen v Donnini*, 78 NY2d 880, 882-883 [1991]; *Lawless v Kera*, 259 AD2d 596 [1999]; *Zangiacomi v Hood*, 193 AD2d 188 [1993]; *cf. Allen v Fiori*, 277 AD2d 674 [2000]). It is undisputed that the defendant never resided in the home where the work was being performed, and intended to sell it once construction was completed. Therefore, as there was no rational process by which the jury could have found that the single-family exemption from liability under Labor Law § 240 (1) was applicable, the trial court properly granted judgment as a matter of law in favor of the plaintiff on the issue of liability (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]).

Although the trial court erred in ruling that the defendant's request for a missing-witness charge was untimely, as the defendant made such request prior to the close of all the evidence (*see Adkins v Queens Van-Plan*, 293 AD2d 503, 504 [2002]; *cf. Thomas v Triborough Bridge & Tunnel Auth.*, 270 AD2d 336, 337 [2000]), the defendant was not entitled to such a charge since he failed to demonstrate that the witness would offer noncumulative testimony (*id.* at 338; *see Poturniak v Rupcic*, 232 AD2d 541 [1996]).

A claim for lost earnings must be established with reasonable certainty (*see Gomez v City of New York*, 260 AD2d 598, 599 [1999]; *Poturniak v Rupcic, supra* at 542; *Bacigalupo v Healthshield, Inc.*, 231 AD2d 538, 539 [1996]). At trial, the plaintiff only offered unsubstantiated testimony regarding his purported lost earnings, and did not submit any documentary evidence to substantiate that claim. Therefore, the plaintiff was not entitled to an award of lost earnings.

Contrary to the plaintiff's contentions, the awards for past pain and suffering and future pain and suffering do not materially deviate from what would be considered reasonable compensation for the injuries he sustained (*see CPLR 5501 [c]*).

The parties' remaining contentions are without merit. H. Miller, J.P., Cozier, Ritter and Dillon, JJ., concur.