■ CHESTER LENDA, Respondent, v BREEZE CONCRETE CORP. et al., Defendants, and JOHN SCULLY, Appellant. [903 NYS2d 417]—

In an action to recover damages for personal injuries, the defendant John Scully appeals from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated April 1, 2009, as denied that branch of his cross motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against him and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of that defendant's liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

According to his deposition testimony, the defendant John Scully (hereinafter the owner) lived in California, where he had an investment business, and owned two properties in East Hampton, separated by "nature conservancy land." The owner hired a general contractor to construct a single-family residence on each of the East Hampton properties and did not direct or control the work. Upon completion, the first residence, an 18,000-square foot dwelling, was used by the owner's family as a vacation property. During the construction of the second residence, the plaintiff, a construction manager for the general contractor, was injured when he fell from a ladder at the construction site. After completion of the second residence, a caretaker employed by the owner moved into the residence, where he lived rent-free as part of his compensation for maintaining the two properties as well as four others owned by the owner's family members, three of which are investment properties. The owner also planned to use the caretaker's residence as "potential overflow" for family guests during vacations.

The homeowners' exemption was enacted to protect owners of one- and two-family dwellings who are not in a position to realize, understand, and insure against the responsibilities of absolute liability imposed by Labor Law § 240 (1) and § 241 (6) (see Cannon v Putnam, 76 NY2d 644, 649 [1990]). To receive the protection of the homeowners' exemption, the defendant has the burden, inter alia, of showing that "the work was

conducted at a dwelling that is a residence for only one or two families" (*Chowdhury v Rodriguez*, 57 AD3d 121, 126 [2008]; *see Lombardi v Stout*, 80 NY2d 290, 297 [1992]). Generally, the exemption "may properly be extended only so far as [the] language . . . fairly warrants, and all doubts should be resolved in favor of the general provision rather than the exception" (*Van Amerogen v Donnini*, 78 NY2d 880, 882 [1991] [internal quotation marks omitted]). The exemption, therefore, does not apply to owners who use their single-family residences exclusively for commercial purposes because such homeowners are not deemed lacking in the sophistication or business acumen necessary to insure against the absolute liability imposed by the Labor Law (*id.*; *Morgan v Rosselli*, 23 AD3d 356, 356-357 [2005]; *Lawless v Kera*, 259 AD2d 596, 597 [1999]). Further, in the case of a mixed use, "[t]he determination whether the exemption is available to an owner in a particular case turns on the site and purpose of the work" (*Khela v Neiger*, 85 NY2d 333, 337 [1995]; *see Morocho v Marino Enters. Contr. Corp.*, 65 AD3d 675, 675-676 [2009]; *Umanzor v Charles Hofer Painting & Wallpapering, Inc.*, 48 AD3d 552, 553 [2008]; *Ramirez v Begum*, 35 AD3d 578, 578 [2006]). The "site and purpose" test is "employed on the basis of the homeowners' intentions at the time of the injury underlying the action and not their hopes for the future" (*Allen v Fiori*, 277 AD2d 674, 674, 675 [2000]; *see Dineen v Rechichi*, 70 AD3d 81 [2009]; *Morgan v Rosselli*, 23 AD3d at 356-357).

Here, the Supreme Court properly determined that the owner failed to establish, prima facie, that his use of the dwelling qualified for the protection afforded by the homeowners' exemption. The only evidence of the actual use of the property was that it was used to house the owner's paid caretaker, who lived in the residence full-time, rent-free, as part of his compensation for taking care of six properties, several of which are investment properties. The caretaker was hired during the time of construction of the dwelling and took up residence soon after its completion. By contrast, the owner presented no evidence of actual use as a residence by himself, his family, or even family guests. The owner's use of the property is, thus, commercial (*see Van Amerogen v Donnini*, 78 NY2d at 882; *Morgan v Rosselli*, 23 AD3d at 356-357; *Lawless v Kera*, 259 AD2d at 597). Accordingly, the Supreme Court properly denied that branch of the owner's cross motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 and 241 insofar as asserted against him.

The plaintiff established his prima facie entitlement to judg-

ment as a matter of law against the owner on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) (*see Gilhooly v Dormitory Auth. of State of N.Y.*, 51 AD3d 719, 720 [2008]; *Argueta v Pomona Panorama Estates, Ltd.*, 39 AD3d 785, 786 [2007]). In opposition, the owner failed to raise a triable issue of fact as to the application of the homeowners' exemption. Accordingly, the Supreme Court properly granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of the owner's liability on the cause of action alleging a violation of Labor Law § 240 (1). Santucci, J.P., Angiolillo, Leventhal and Lott, JJ., concur.