■ SEGUNDO MURILLO, Respondent-Appellant, v GEOFFREY PORTEUS et al., Appellants-Respondents, et al., Defendants. [970 NYS2d 71]—

In an action to recover damages for personal injuries, the defendants Geoffrey Porteus and Kristen Porteus appeal, as

limited by their brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated June 27, 2011, as granted the plaintiff's motion pursuant to CPLR 3126 for the imposition of sanctions on the ground of spoliation of evidence to the extent of directing that, in the event the plaintiff hires an expert to determine whether a certain table saw depicted in a photograph is the same piece of equipment purchased by the defendant Hawk Shaw Golf Course Construction, the defendants are to "equally bear" the cost of the expert's fee, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as granted his motion only to the extent of directing the defendants to "equally bear" the cost of the expert's fee and otherwise denied the motion.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the plaintiff's motion to the extent of directing the defendants to "equally bear" the cost of the expert's fee in the event the plaintiff hires an expert, and substituting therefor a provision granting the plaintiff's motion to the extent of directing that a negative inference charge shall be given at trial against the defendant Geoffrey Porteus with respect to ownership and control of the subject table saw, and otherwise denying the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.

The plaintiff, Segundo Murillo, was employed by the defendant Amaury Otero, also known as Mario Montero, and Otero Home Improvement (hereinafter together Otero) to perform renovations at a house owned by the defendants Geoffrey Porteus and Kristen Porteus (hereinafter the house). Geoffrey Porteus is also the principal of the defendant Hawk Shaw Golf Course Construction (hereinafter Hawk Shaw), whose employee, Willy Rodriguez, was likewise performing renovations at the house.

On June 20, 2007, the plaintiff was injured at the house when three of his fingers were severed while he was using a table saw that was missing a blade guard. The plaintiff's counsel sent a letter dated June 29, 2007, to Geoffrey Porteus, requesting that the table saw be preserved in its postaccident condition. Geoffrey Porteus admitted that he owned a table saw that was at the house, but a dispute arose as to whether there were one or two table saws at the premises, one owned by Hawk Shaw or Geoffrey Porteus, and one owned by Otero. After this action was commenced, Geoffrey Porteus acknowledged that the table saw owned by him or Hawk Shaw could not be located.

After a default judgment was entered against Otero, who

failed to appear, the plaintiff moved pursuant to CPLR 3126 for the imposition of sanctions against the remaining defendants based on spoliation of evidence. The Supreme Court granted the motion to the extent of directing that the plaintiff and the remaining defendants "equally bear" the cost of an expert's fee in the event the plaintiff hires an expert to determine whether the table saw depicted in a certain photograph is the same piece of equipment purchased by Hawk Shaw. The remaining defendants appealed, but Hawk Shaw and Rodriguez have withdrawn their appeals. On their appeal, Geoffrey Porteus and Kristin Porteus (hereinafter together the appellants) contend that the deposition testimony was sufficient to establish that the offending table saw belonged to Otero, and was insufficient to prove that Geoffrey Porteus had the requisite control over that table saw to preserve it. The plaintiff cross-appeals, contending that the remedy fashioned by the Supreme Court was inadequate because it allows Geoffrey Porteus to benefit from his own misconduct by presenting a threshold issue as to ownership of the offending table saw.

"When parties involved in litigation engage in the destruction of evidence, a number of remedial options are provided by existing New York statutory and common law" (*Ortega v City of New York*, 9 NY3d 69, 76 [2007]). Even if there were two table saws at the house, Geoffrey Porteus, who received a timely request from the plaintiff's counsel, "had an opportunity to safeguard" the table saw owned by him or Hawk Shaw, "but failed to do so" (*id.* at 76 n 2; *see Amaris v Sharp Elecs. Corp.*, 304 AD2d 457 [2003]; *Thornhill v A.B. Volvo*, 304 AD2d 651, 652 [2003]). On appeal, Geoffrey Porteus does not dispute the Supreme Court's conclusion that the order granting the plaintiff's petition for pre-action disclosure included, inter alia, "an order preserving the saw and permitting an inspection thereof." As Geoffrey Porteus failed to preserve that table saw, he significantly impaired the parties' ability to resolve the disputed issue of fact. The remedy imposed by the court was based on the erroneous finding that the invoice for the purchase of the table saw owned by Hawk Shaw or Geoffrey Porteus identified its make and model, when, in fact, the invoice did not identify its make and model. Therefore, the testimony of an expert who did not see the actual table saw—because it was not available for inspection—would not be helpful. However, contrary to the plaintiff's contention, a sanction in the form of striking the appellants' answer is not appropriate, since the missing evidence does not deprive the plaintiff of the ability to establish a prima facie case with respect to his causes of action (*see Molinari v Smith*, 39 AD3d 607, 608 [2007]; *Kerman v*

*Martin Friedman, C.P.A., P.C.*, 21 AD3d 997, 999 [2005]). Under the circumstances of this case, the appropriate remedy is for the court to give a negative inference charge at trial against Geoffrey Porteus on the issue of who owned or controlled the table saw used by the plaintiff on the day of the accident (*see Gogos v Modell's Sporting Goods, Inc.*, 87 AD3d 248, 250 [2011]; *Ifraimov v Phoenix Indus. Gas*, 4 AD3d 332, 334 [2004]).

The parties' remaining contentions are without merit, or need not be addressed in light of our determination. Skelos, J.P., Angiolillo, Roman and Hinds-Radix, JJ., concur.