■ SEGUNDO MURILLO, Respondent, v GEOFFREY PORTEUS, Appellant, and WILLY RODRUQUEZ et al., Respondents, et al., Defendants. [970 NYS2d 235]—

In an action to recover damages for personal injuries, the defendant Geoffrey Porteus appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated December 9, 2011, as denied that branch of the motion of the defendants Geoffrey Porteus and Kristin Porteus which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against him and on his cross claim for common-law indemnification against the defendants Willy Rodriguez and Hawk Shaw Golf Course Construction.

Ordered that the order is affirmed insofar as appealed from, with costs payable to the plaintiff-respondent.

The facts of this case are set forth in the decision and order on the related appeal and cross appeal (*see Murillo v Porteus* 108 AD3d 750 [2013] [decided herewith]). In moving for summary judgment, the defendant Geoffrey Porteus (hereinafter the appellant) contended that (1) there is no evidence that he owned or controlled the table saw that caused the plaintiff's injury, (2) summary judgment should be granted dismissing the cause of action asserting a violation of Labor Law § 200 and common-law negligence insofar as asserted against him on the ground that he did not supervise, direct, or control the plaintiff's work, and he did not have actual or constructive notice that the subject table saw was missing a blade guard, (3) summary judgment should be granted dismissing the cause of action asserting a violation of Labor Law § 241 (6) insofar as asserted against him pursuant to the homeowner's exemption, and (4) he was entitled to common-law indemnification from the defendants

Willy Rodriguez and Hawk Shaw Golf Course Construction (hereinafter Hawk Shaw). The Supreme Court denied the motion.

To establish his prima facie entitlement to judgment as a matter of law dismissing the cause of action asserting a violation of Labor Law § 200 and common-law negligence, the appellant was required to show that he "neither created the alleged danger or defect in the instrumentality nor had actual or constructive notice of the dangerous or defective condition" (*Chowdhury v Rodriguez*, 57 AD3d 121, 131-132 [2008]). The appellant failed to meet that burden, since there is evidence in the record that a table saw owned or controlled by him was at the house where the accident occurred, and was the table saw used by the plaintiff at the time of his injury. Furthermore, the appellant admitted that he visited the subject house on more than one occasion prior to the accident, and there was evidence that he supplied other materials for the job and gave instructions to Rodriguez prior to the accident (*see McLean v 405 Webster Ave. Assoc.*, 98 AD3d 1090, 1093 [2012]).

With respect to the cause of action pursuant to Labor Law § 241 (6), the appellant claimed the homeowners' exemption for owners of one and two-family homes who did not supervise the work. In order to receive the protection of the homeowners' exemption, a defendant must satisfy two prongs: that the work was conducted at a dwelling that is a residence for only one or two families, and the defendant did not direct or control the work (*see Nai Ren Jiang v Shane Yeh*, 95 AD3d 970, 970-971 [2012]). Summary judgment on this issue was properly denied, as the evidence described above raised a triable issue of fact as to whether the appellant supervised or controlled the work and, further, there was a triable issue of fact as to whether the appellant intended to use the subject house as rental property (*see Crossett v Wing Farm, Inc.*, 79 AD3d 1334 [2010]; *Lenda v Breeze Concrete Corp.*, 73 AD3d 987, 989 [2010]).

Inasmuch as the appellant failed to establish that he was without fault, he was not entitled to summary judgment on his cross claim for common-law indemnification against Hawk Shaw and Rodriguez (*see Martinez v City of New York*, 73 AD3d 993, 999 [2010]).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Skelos, J.P., Angiolillo, Roman and Hinds-Radix, JJ., concur.