■ Troy Rossi, Respondent, v Flying Horse Farm, Inc., Appellant. [16 NYS3d 316]—

In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Orange County (Onofry, J.), dated October 3, 2013, as granted that branch of the plaintiff's cross motion which was for summary judgment dismissing the tenth affirmative defense, which was based on the homeowner's exemption from liability under Labor Law §§ 240 (1) and 241 (6), and, sua sponte, directed the dismissal of the ninth affirmative defense, which was based on the recalcitrant worker defense.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the ninth affirmative defense is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof, sua sponte, directing the dismissal of the ninth affirmative defense; as so modified, the order is affirmed insofar as appealed from, without costs and disbursements.

The plaintiff, a horse groomer and handyman employed by nonparty Gray Thunder II, was injured while making repairs or painting at a boarding stable owned and operated by the defendant, Flying Horse Farm, Inc. The premises included six or seven paddocks, a "three-horse" barn, and a large barn with eight stalls. In addition to the eight stalls, the large barn contained a hayloft, an office, and an apartment that was described as a part-time residence.

On June 3, 2012, the defendant directed the plaintiff to perform certain work on the door of the large barn. The plaintiff allegedly was injured when he fell from a ladder while performing this work, and commenced this personal injury action alleging violations of several provisions of the Labor Law, including Labor Law §§ 240 (1) and 241 (6). The defendant answered and asserted numerous affirmative defenses, including a ninth affirmative defense that the "plaintiff's claims are barred by the recalcitrant worker defense." After depositions were taken, the defendant moved for leave to amend its answer to add a tenth affirmative defense, which was based on the homeowner's exemption from liability under Labor Law §§ 240 (1) and 241 (6) (see Chowdhury v Rodriguez, 57 AD3d 121 [2008]). The plaintiff cross-moved for summary judgment, inter alia, dismissing the proposed tenth affirmative defense. As pertinent to this appeal, the Supreme Court granted the de-

fendant's motion for leave to amend its answer to add a tenth affirmative defense, which was based on the homeowner's exemption, and then granted that branch of the plaintiff's cross motion which was for summary judgment dismissing that newly added tenth affirmative defense. The Supreme Court also, sua sponte, directed the dismissal of the ninth affirmative defense, which was based upon the recalcitrant worker defense.

Under the homeowner's exemption, owners of a one- or two-family dwelling are exempt from liability under Labor Law §§ 240 (1) and 241 (6) unless they directed or controlled the work being performed (*see Chowdhury v Rodriguez*, 57 AD3d 121 [2008]). The homeowner's exemption was enacted to protect owners of one- and two-family dwellings who are not in a position to realize, understand, and insure against the responsibilities of absolute liability imposed by Labor Law §§ 240 (1) and 241 (6) (*see Cannon v Putnam*, 76 NY2d 644, 649 [1990]; *Lenda v Breeze Concrete Corp.*, 73 AD3d 987, 988 [2010]). To receive the protection of the homeowner's exemption, the defendant has the burden, inter alia, of showing that "the work was conducted at a dwelling that is a residence for only one or two families" (*Chowdhury v Rodriguez*, 57 AD3d at 126; *see Lenda v Breeze Concrete Corp.*, 73 AD3d at 988-989). The exemption is to be strictly construed, and "may properly be extended only so far as [the] language [of the exception] fairly warrants, and all doubts should be resolved in favor of the general provision rather than the exception" (*Van Amerogen v Donnini*, 78 NY2d 880, 882 [1991] [internal quotation marks omitted]; *see Lenda v Breeze Concrete Corp.*, 73 AD3d at 989; *Krukowski v Steffensen*, 194 AD2d 179, 182 [1993]).

In support of that branch of his cross motion which was for summary judgment dismissing this affirmative defense, the plaintiff met his prima facie burden of demonstrating that he was not performing work at a residence within the meaning of the homeowner's exemption under Labor Law §§ 240 (1) and 241 (6) (*see Chowdhury v Rodriguez*, 57 AD3d at 126). Among other things, the plaintiff demonstrated that the defendant described itself as "essentially . . . a business for keeping horses," its owners were extensively involved in both keeping and racing horses, and approximately eight horses were boarded at the subject property at the time of the accident. The plaintiff's submissions also established that when the defendant corporation originally purchased the subject property, the large barn was in a state of disrepair. The defendant renovated the large barn and added many improvements to the property, including multiple paddocks, an additional barn, and an

"Equicisor," a "72-foot circular automated horse exercising machine." One of the defendant's shareholders described the apartment in the rear of the barn as a part-time "office residence" where he might stay a "few days" per week, although the amount of time he stayed varied depending on the season and the horse racing schedule. Under these circumstances, the plaintiff established, prima facie, that the defendant's boarding stable, which was used primarily for commercial purposes, did not constitute a residence within the meaning of the homeowner's exemption (*see Chowdhury v Rodriguez*, 57 AD3d at 126; *Lenda v Breeze Concrete Corp.*, 73 AD3d at 989; *cf. Hossain v Kurzynowski*, 92 AD3d 722, 724 [2012]; *Battease v Harrington*, 90 AD3d 1124, 1125 [2011]). In opposition, the defendant failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiff's cross motion which was for summary judgment dismissing the tenth affirmative defense, which was based on the homeowner's exemption.

However, the Supreme Court erred in, sua sponte, directing the dismissal of the defendant's ninth affirmative defense, which was based on the recalcitrant worker defense. Generally, the party moving for dismissal of a defense as a matter of law bears the burden of proving its entitlement to such relief (*see Town of Hempstead v Lizza Indus.*, 293 AD2d 739, 740 [2002]). Here, the plaintiff did not move to dismiss the ninth affirmative defense. To the contrary, his cross motion only sought dismissal of the eighth affirmative defense, which is not at issue on this appeal, and the tenth affirmative defense, which was based on the homeowner's exemption from liability under Labor Law §§ 240 (1) and 241 (6). Thus, the Supreme Court erred in awarding this unrequested relief (*see Town of Hempstead v Lizza Indus.*, 293 AD2d at 740; *see also Ambrosino v Village of Bronxville*, 58 AD3d 649, 652 [2009]; *Matter of Ferraro v Gordon*, 1 AD3d 595 [2003]; *cf. Rienzi v Rienzi*, 23 AD3d 450, 450 [2005]). Chambers, J.P., Hall, Cohen and Maltese, JJ., concur.