Pelham v Moracco, LLC (2019 NY Slip Op 03871)





Pelham v Moracco, LLC


2019 NY Slip Op 03871


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

527422

[*1]MICHAEL W. PELHAM et al., Appellants,
v
MORACCO, LLC, Respondent.

Calendar Date: March 21, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Rumsey, JJ.


Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel), for appellants.
Goergen, Manson & McCarthy, Middletown (David B. Manson of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Supreme Court (Fisher, J.), entered March 20, 2018 in Greene County, which granted defendant's motion for summary judgment dismissing the complaint.
Defendant, a real estate holding company whose sole member is Alex Racco, owned three properties — a building housing Racco's medical practice in Staten Island, a log cabin in Greene County and a wooded lot down the road from the other Greene County parcel. Defendant, through Racco, entered into a contract with plaintiff Michael W. Pelham for Pelham to build a log cabin on the wooded lot, which had recently been cleared. Defendant then listed the parcel containing the existing log cabin for sale. While building the new log cabin, Pelham fell from a height of at least 10 feet and sustained injuries.
Pelham and his wife, derivatively, commenced this action. Although the complaint alleged general negligence, the bill of particulars listed, among other things, violations of Labor Law § 240 (1) and § 241 (6), and the parties now appear to rely solely on those allegations. After joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, finding that the statutes' exemption for single-family dwellings applied. Plaintiffs appeal.
We affirm. "[A]lthough both Labor Law § 240 (1) and § 241 impose nondelegable duties upon contractors, owners and their agents to comply with certain safety practices for the protection of workers engaged in various construction-related activities, the Legislature has carved out an exemption for the owners of one and two-family dwellings who contract for but do not direct or control the work" (Bagley v Moffett, 107 AD3d 1358, 1360 [2013] [internal quotation marks, brackets, ellipsis and citations omitted]; see Sanchez v Marticorena, 103 AD3d 1057, 1057-1058 [2013]). In its motion for summary judgment based on this exemption, defendant submitted Racco's affidavit and deposition testimony and Pelham's deposition testimony. In the affidavit, Racco averred that he is defendant's managing member, defendant [*2]owns the property, defendant retained Pelham to build a single-family residence on the property, Racco intended to reside in the home as a vacation home, he did not intend to rent it or use it for any business purposes and he did not direct or advise Pelham on any aspect of the construction. In his deposition, in addition to the information in his affidavit, Racco testified that he never rented out his first log cabin or used it for business purposes, and he listed that property for sale shortly after Pelham began construction on the log cabin at issue. Pelham testified that he was constructing the log cabin based on plans for a single-family home, he had 30 years of experience in carpentry and had built similar log cabins, he provided all the tools and equipment for the construction, and neither Racco nor anyone on defendant's behalf ever told him how to do any of the work. Thus, defendant met its initial burden of demonstrating that the homeowner's exemption applied (see Sanchez v Marticorena, 103 AD3d at 1058; Castellanos v United Cerebral Palsy Assn. of Greater Suffolk, Inc., 77 AD3d 879, 880 [2010], lv denied 16 NY3d 704 [2011]).
In opposition, plaintiffs did not dispute that Pelham was constructing a one-family dwelling and that defendant, as owner of the property, did not direct or control the work (see Cook v Thompkins, 305 AD2d 847, 847-848 [2003]). Instead, noting that the statutory exemption "does not apply to owners who use their residences 'purely for commercial purposes'" (Landon v Austin, 88 AD3d 1127, 1128 [2011], quoting Lombardi v Stout, 80 NY2d 290, 296 [1992]; see Van Amerogen v Donnini, 78 NY2d 880, 882 [1991]; Lenda v Breeze Concrete Corp., 73 AD3d 987, 989 [2010]), plaintiffs asserted that a question of fact existed as to whether defendant would use the property for commercial purposes. However, such assertions were based on speculation and unsupported by any facts. Although Racco had not lived in the new log cabin, doing so would have been impossible because the construction had not been completed (compare Morgan v Rosselli, 23 AD3d 356, 357 [2005], lv denied 6 NY3d 705 [2006]). Plaintiffs did not demonstrate that the property will be used for commercial purposes merely because defendant is a limited liability company and real estate holding company, nor because the checks for the work came from Racco personally and from his medical practice, rather than from defendant itself (see Van Hoesen v Dolen, 94 AD3d 1264, 1266 [2012], lv denied 19 NY3d 809 [2012]). As plaintiffs failed to establish any triable issue of fact, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.
Garry, P.J., Clark, Devine and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.