MacKay v Paliotta (2021 NY Slip Op 04348)





MacKay v Paliotta


2021 NY Slip Op 04348


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.


2020-04070
 (Index No. 34812/13)

[*1]Ian MacKay, appellant-respondent,
v
Chad Paliotta, et al., respondents-appellants.


Feerick Nugent MacCartney PLLC, South Nyack, NY (Donald J. Feerick, Jr., Patrick A. Knowles, and Patrick J. McGorman of counsel), for appellant-respondent.
Keane & Bernheimer, PLLC, Valhalla, NY (Jason M. Bernheimer and Christopher Alan Abel, pro hac vice, of counsel), for respondent-appellant Chad Paliotta.
Baxter Smith & Shapiro, P.C., Hicksville, NY (Arthur J. Smith and Sim R. Shapiro of counsel), for respondents-appellants Audrey Schneider and Joellen Putter for Maffei Family Trust, doing business as Tappan Zee Marina.



DECISION & ORDER
In an action to recover damages for injury to property, the plaintiff appeals, and the defendant Chad Paliotta and the defendants Audrey Schneider and Joellen Putter for Maffei Family Trust, doing business as Tappan Zee Marina, separately cross-appeal, from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated May 6, 2020. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability against the defendants Audrey Schneider and Joellen Putter for Maffei Family Trust, doing business as Tappan Zee Marina, and for an immediate trial on the issue of damages. The order, insofar as cross-appealed from by the defendant Chad Paliotta, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against him and, in effect, sua sponte, directed dismissal of his affirmative defenses to the complaint except those defenses alleging contributory negligence against the defendants Audrey Schneider and Joellen Putter for Maffei Family Trust, doing business as Tappan Zee Marina. The order, insofar as cross-appealed from by the defendants Audrey Schneider and Joellen Putter for Maffei Family Trust, doing business as Tappan Zee Marina, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against them and, in effect, sua sponte, directed dismissal of their affirmative defenses to the complaint except those defenses alleging contributory negligence against the defendant Chad Paliotta.
ORDERED that the cross appeal by the defendants Audrey Schneider and Joellen Putter for Maffei Family Trust, doing business as Tappan Zee Marina, from so much of the order as denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against them is dismissed, as those defendants are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that on the Court's own motion, the notice of cross appeal of the defendant Chad Paliotta from so much of the order as, in effect, sua sponte, directed dismissal of his affirmative defenses to the complaint, except those defenses alleging contributory negligence as [*2]between the defendants, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that on the Court's own motion, the notice of cross appeal of the defendants Audrey Schneider and Joellen Putter for Maffei Family Trust, doing business as Tappan Zee Marina, from so much of the order as, in effect, sua sponte, directed dismissal of their affirmative defenses to the complaint, except those defenses alleging contributory negligence as between the defendants, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof, in effect, sua sponte, directing dismissal of the defendants' affirmative defenses to the complaint, except those defenses alleging contributory negligence as between the defendants; as so modified, the order is affirmed insofar as appealed from, affirmed insofar as cross-appealed from by the defendant Chad Paliotta, and insofar as reviewed on the cross appeal by the defendants Audrey Schneider and Joellen Putter for Maffei Family Trust, doing business as Tappan Zee Marina; and it is further,
ORDERED that one bill of costs is awarded to the defendants Audrey Schneider and Joellen Putter for Maffei Family Trust, doing business as Tappan Zee Marina, payable by the plaintiff.
The plaintiff owned and operated a marina located on the Hudson River in Piermont, known as the Last Chance Boat Club (hereinafter the plaintiff's marina). The plaintiff's marina was situated nearby and to the south of another marina located on the Hudson River, known as the Tappan Zee Marina (hereinafter TZM's marina), which was owned by the defendants Audrey Schneider and Joellen Putter for Maffei Family Trust, doing business as Tappan Zee Marina (hereinafter together TZM). The defendant Chad Paliotta owned a 41-foot-long, 12-foot-wide sailboat known as the Invictus. In or about 2012, Paliotta moored the sailboat in a mooring field at TZM's marina. At some point either immediately before or during Hurricane Sandy, Paliotta's sailboat broke free from its moorings, floated in a southerly direction on the Hudson River toward the plaintiff's marina, and allided with the plaintiff's marina structures.
In August 2013, the plaintiff commenced the instant action against Paliotta and TZM to recover damages for the alleged injuries that the plaintiff's marina sustained as a result of the allision. The plaintiff alleged, inter alia, that Paliotta was negligent in failing to either adequately secure the sailboat at TZM's marina through proper mooring lines/anchors or move the sailboat to a safe location. The plaintiff alleged, inter alia, that TZM was negligent in failing to require Paliotta to remove the sailboat from TZM's marina. Paliotta answered the complaint and asserted various affirmative defenses and a cross claim against TZM for indemnification or contribution. TZM answered the complaint and asserted various affirmative defenses and a counterclaim against the plaintiff for sanctions.
In November 2013, Paliotta commenced a proceeding in the United States District Court for the Southern District of New York pursuant to the Limitation of Liability Act (46 USC § 30501 et seq.), seeking exoneration from or limitation of liability for the alleged damage caused by the sailboat to the plaintiff's marina (hereinafter the limitation proceeding). In the limitation petition, Paliotta admitted that the sailboat was torn from its mooring at TZM's marina and taken downstream, where it "impacted" the plaintiff's marina, and that "significant damage" was caused to both the sailboat and the plaintiff's marina. However, Paliotta alleged that he should be exonerated from liability, or that his liability should be limited to the post-loss value of the sailboat, because he took reasonable measures to secure the sailboat prior to Hurricane Sandy. On December 5, 2013, the District Court enjoined the filing or prosecution of any action or proceeding related to the subject incident, including the instant action commenced by the plaintiff. In January 2014, the plaintiff filed an answer to the limitation petition and a claim against Paliotta for the damage allegedly caused to the plaintiff's marina by the sailboat. TZM also filed an answer to the limitation petition and a claim against Paliotta for indemnification or contribution.
In July 2016, TZM moved in the limitation proceeding, inter alia, for summary judgment dismissing the cause of action alleging negligence insofar as asserted against it, asserting that the District Court had supplemental jurisdiction over the state law claims that were asserted in the instant action. TZM argued that it did not owe a duty of care to the plaintiff as an adjacent landowner, and that Paliotta was solely responsible for the safety of the sailboat.
In a determination dated February 22, 2017, the District Court, inter alia, exercised supplemental jurisdiction over the cause of action alleging negligence against TZM, held that TZM owed a duty of care to the plaintiff's marina, and denied TZM's motion for summary judgment. The District Court stated that "the finder of fact will need to determine whether [the plaintiff] can satisfy the other elements of a negligence claim."
Thereafter, in a judgment dated July 13, 2018, the District Court, inter alia, denied the limitation petition. In its findings of fact and conclusions of law underlying the judgment, the District Court found that Paliotta was "presumed negligent" in connection with the subject incident because Paliotta's sailboat allided with the plaintiff's marina structures. The District Court found that Paliotta had failed to rebut this presumption of negligence because Paliotta did not show that the allision was the fault of the plaintiff's marina, that Paliotta had acted with reasonable care in securing the sailboat "in light of the well disseminated warnings concerning the force" of Hurricane Sandy, or that the allision was an unavoidable accident. The District Court held, therefore, that Paliotta was not entitled to exoneration from or limitation of liability for the subject incident. In order to preserve the claimants' "right to a choice of remedies," the District Court lifted the stay on the instant action and remanded the claims asserted in the instant action to the state court.
In April 2019, with the stay having been lifted, the plaintiff moved in the instant action, inter alia, for summary judgment on the issue of liability against Paliotta and TZM, and for an immediate trial on the issue of damages pursuant to CPLR 3212(c). In an order dated May 6, 2020, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against Paliotta based upon "well-settled principles of issue preclusion and claim preclusion," finding that the District Court in the limitation proceeding had "already determined Paliotta's liability as a matter of law." The Supreme Court denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against TZM, finding that the District Court "did not ultimately determine as a matter of law that TZM was liable to [the] plaintiff in negligence" (emphasis in original), and that the District Court found only that TZM owed a duty of care to the plaintiff's marina. The Supreme Court further held, in effect, that although the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability against TZM, in opposition, TZM raised a triable issue of fact as to whether it breached its duty of care to the plaintiff's marina. The Supreme Court also denied that branch of the plaintiff's motion which was for an immediate trial on the issue of damages because, inter alia, the plaintiff had failed "to establish TZM's breach as a matter of law."
The Supreme Court construed the plaintiff's motion as seeking summary judgment dismissing Paliotta's and TZM's affirmative defenses to the complaint. The court stated that "neither Paliotta nor TZM substantially argued any of their affirmative defenses in opposition to [the plaintiff's] motion, with the exception of those concerning any proportional liability as between the defendants themselves," and concluded that "all [of] Paliotta['s] and TZM['s] affirmative defenses are waived and thus dismissed except to the extent of defendants' potential contributory negligence as against each other."
The plaintiff appeals, and Paliotta and TZM separately cross-appeal, from the order.
The plaintiff argues that the Supreme Court properly found that Paliotta was precluded under the doctrine of collateral estoppel from relitigating his liability for the subject incident because, in denying the limitation petition, the District Court determined that Paliotta was negligent as a matter of law. "The doctrine of collateral estoppel 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same'" (Jaber v Elayyan, 191 AD3d 964, 966, quoting Ryan v New York Tel. Co., 62 NY2d 494, [*3]500; see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 199). "This doctrine applies only 'if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the [party to be bound] had a full and fair opportunity to litigate the issue in the earlier action'" (City of New York v Welsbach Elec. Corp., 9 NY3d 124, 128, quoting Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349). The party seeking the protection of collateral estoppel bears the burden of proving that the identical issue was necessarily decided in the prior proceeding and is decisive of the present action (see Fowler v Indymac Bank, FSB, 176 AD3d 682, 684). "[T]he party against whom preclusion is sought bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination" (id. at 684 [internal quotation marks omitted]).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability against Paliotta. As the Supreme Court properly held, the District Court in the limitation proceeding determined as a matter of law that Paliotta owed a duty of care to the plaintiff's marina, that Paliotta breached his duty of care to the plaintiff's marina, and that Paliotta's breach was a proximate cause of the allision between Paliotta's sailboat and the plaintiff's marina structures. Thus, pursuant to the doctrine of collateral estoppel, Paliotta was precluded from relitigating these issues. The Supreme Court properly found that both the limitation proceeding and the instant action were governed by maritime law, which "recognizes a general theory of liability for negligence" (Sugamele v Town of Hempstead, 169 AD3d 852, 853; see Becker v Poling Transp. Corp., 356 F3d 381, 388 [2d Cir]). "To prevail on a claim for negligence under the general maritime law, 'the burden is on the plaintiff to establish duty, breach of duty, causation (both cause in fact and proximate cause) and damages'" (Jurgens v Poling Transp. Corp., 113 F Supp 2d 388, 397 [ED NY], quoting Naglieri v Bay, 93 F Supp 2d 170, 174-175 [D Conn]; see In re M/V MSC FLAMINIA, 229 F Supp 3d 213, 220 [SD NY]). In the case of a moored vessel that breaks away from its moorings, the vessel owner is presumed to be at fault (see The Louisiana, 70 US 164, 173; Crowley v Costa, 924 F Supp 2d 402, 414 [D Conn]). Thus, contrary to Paliotta's contention, the Supreme Court properly found that the issue of whether Paliotta breached his duty of care as the owner of the sailboat was identical in both the limitation proceeding and the instant action, and that the rebuttable presumption of negligent operation that is raised when a moored vessel breaks away from its moorings was applicable in both the limitation proceeding and the instant action.
The plaintiff failed to establish that in denying the limitation petition, the District Court determined that the allision between Paliotta's sailboat and the plaintiff's marina structures was a proximate cause of all of the damage that the plaintiff's marina allegedly sustained in or around the time of Hurricane Sandy. However, in support of his motion, the plaintiff demonstrated, prima facie, that the allision between Paliotta's sailboat and the plaintiff's marina structures was a proximate cause of damage to the northeast side of the breakwater at the plaintiff's marina, to two sections of the floating dock, to the catwalk, to portions of the boat launch or ramp, to a flagpole, and to a gazebo. The plaintiff also demonstrated, prima facie, that while a barge was removing Paliotta's sailboat after the storm, the barge created a sandbar, which prevented the plaintiff from resuming normal operations at the plaintiff's marina. Contrary to Paliotta's contention, the plaintiff did not bear the burden of establishing the absence of his own comparative fault (see Rodriguez v City of New York, 31 NY3d 312, 321-322; Poon v Nisanov, 162 AD3d 804, 807).
In opposition, Paliotta failed to raise a triable issue of fact as to whether he was deprived of a full and fair opportunity to contest the District Court's determination that he owed a duty of care to the plaintiff's marina, that he breached his duty of care to the plaintiff's marina, and that his breach was a proximate cause of the allision. In addition, Paliotta failed to raise a triable issue of fact as to whether the allision between Paliotta's sailboat and the plaintiff's marina structures was a proximate cause of the damage to the northeast side of the breakwater, to two sections of the floating dock, to the catwalk, to portions of the boat launch, to a flagpole, and to a gazebo, and a proximate cause of the formation of the sandbar.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against Paliotta.
The Supreme Court properly denied that branch of the plaintiff's motion which was [*4]for summary judgment on the issue of liability against TZM. Contrary to the plaintiff's contention, he failed to establish that TZM is barred by the doctrines of res judicata, collateral estoppel, or law of the case from litigating whether TZM breached its duty of care to the plaintiff's marina and whether any alleged breach was a proximate cause of the allision. Although the District Court in the limitation proceeding found as a matter of law that TZM owed a duty of care to the plaintiff's marina, and therefore denied TZM's motion, inter alia, for summary judgment dismissing the cause of action alleging negligence insofar as asserted against it on the ground that it did not owe a duty of care to the plaintiff's marina, the District Court did not decide whether TZM breached its duty of care, or whether any alleged breach of TZM's duty of care was a proximate cause of the allision. In addition, in subsequently denying the limitation petition, the District Court did not decide whether TZM breached its duty of care to the plaintiff's marina, or whether any alleged breach of TZM's duty of care was a proximate cause of the allision between Paliotta's sailboat and the plaintiff's marina. The plaintiff also failed to establish, prima facie, that TZM breached its duty of care to the plaintiff's marina structures. The failure to make such a prima facie showing required the denial of that branch of the plaintiff's motion which was for summary judgment on the issue of liability against TZM, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
As a result, the Supreme Court also properly denied that branch of the plaintiff's motion which was for an immediate trial on the issue of damages pursuant to CPLR 3212(c) (see generally Kutanovski v DeCicco, 122 AD2d 250, 251).
However, the Supreme Court erred by, in effect, sua sponte, directing dismissal of all of Paliotta's and TZM's affirmative defenses to the complaint, "[e]xcept as to contributory negligence as between the respective defendants." The plaintiff did not move for summary judgment dismissing any of Paliotta's or TZM's affirmative defenses, and the court erred in awarding this unrequested relief (see generally Rossi v Flying Horse Farm, Inc., 131 AD3d 1033, 1036; Town of Hempstead v Lizza Indus., 293 AD2d 739, 740).
In light of our determination, the parties' remaining contentions need not be addressed.
MASTRO, J.P., DUFFY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court