Kavanaugh v Kavanaugh (2021 NY Slip Op 07353)





Kavanaugh v Kavanaugh


2021 NY Slip Op 07353


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, AND DEJOSEPH, JJ.


704 CA 20-01025

[*1]MATTHEW G. KAVANAUGH, INDIVIDUALLY AND AS A DIRECTOR OF CONSUMERS BEVERAGES, INC., A MEMBER OF KAVCON DEVELOPMENT LLC, AND A DIRECTOR OF KAVCO DISTRIBUTING COMPANY, INC., PLAINTIFF-APPELLANT,
v
NEIL KAVANAUGH, ALSO KNOWN AS CORNELIUS KAVANAUGH, MARTHA KAVANAUGH, DEFENDANTS-RESPONDENTS-APPELLANTS, AND MARY ELLEN KAVANAUGH, DEFENDANT-RESPONDENT. (APPEAL NO. 2.) 






GROSS SHUMAN, P.C., BUFFALO (HUGH C. CARLIN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
CONNORS LLP, BUFFALO (VINCENT E. DOYLE, III, OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT NEIL KAVANAUGH, ALSO KNOWN AS CORNELIUS




 Appeal and cross appeals from an order of the Supreme Court, Erie County (Henry J. Nowak, J.), entered June 5, 2020. The order denied the motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that said cross appeals are unanimously dismissed, the order is reversed on the law without costs, the motion is granted, and judgment is granted in favor of plaintiff as follows:
It is ADJUDGED and DECLARED that the transfers of shares and ownership interests in Consumers Beverages, Inc. and Kavcon Development LLC from defendants Martha Kavanaugh and Mary Ellen Kavanaugh to defendant Neil Kavanaugh, also known as Cornelius Kavanaugh, are null and void.
Memorandum: This appeal is part of an extended intra-family litigation concerning the ownership of two family companies, Consumers Beverages, Inc. (CBI) and Kavcon Development LLC (Kavcon). The parties are siblings, and they are all current or former shareholders in CBI and current or former members of Kavcon. The parties are also signatories to the separate agreements that govern the ownership structure of each company.
In 2012, defendant Neil Kavanaugh, also known as Cornelius Kavanaugh, purchased defendant Mary Ellen Kavanaugh's interests in CBI and Kavcon. In 2013, Neil purchased defendant Martha Kavanaugh's interests in CBI and Kavcon. Plaintiff objected to those purchases, and he thereafter commenced this action. Only the first and second causes of action are at issue in this appeal; in those causes of action, plaintiff sought a declaration that the [*2]disputed purchases were null and void because they violated the transfer restrictions of the governing agreements. Neil's answer asserted, inter alia, affirmative defenses of waiver and estoppel.
Following discovery, plaintiff moved for partial summary judgment on the first and second causes of action. Neil opposed that motion, arguing only that summary judgment in plaintiff's favor was precluded by triable issues of fact with respect to his affirmative defenses of waiver and estoppel. Neil did not cross-move for summary judgment dismissing the first and second causes of action against him. Martha and Mary Ellen both conceded liability and advocated in plaintiff's favor, although neither sister filed any formal motion or cross motion on her own behalf.
Supreme Court determined, as a matter of law, that the disputed purchases violated the transfer restrictions of the governing agreements. Nevertheless, the court denied plaintiff's motion solely on the ground that triable issues of fact existed as to the affirmative defenses of waiver and estoppel. Plaintiff now appeals; Martha and Neil now cross-appeal.
We dismiss Martha's cross appeal for the reasons stated in Kavanaugh v Kavanaugh ([appeal No. 1] — AD3d — [Dec. 23, 2021] [4th Dept 2021] [decided herewith]).
We also dismiss Neil's cross appeal. The court refused to grant relief against Neil on plaintiff's motion and, as noted above, Neil did not seek affirmative relief on his own behalf. Thus, Neil is not aggrieved by the order from which he purports to cross-appeal (see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 664 n 4 [2014]; MacKay v Paliotta, 196 AD3d 552, 553 [2d Dept 2021]; see generally CPLR 5511). We recognize that the second decretal paragraph of the subject order purports to deny "Defendants' cross-motion for partial summary judgment," but that is clearly a ministerial error carried over from a separate order in a related action. Indeed, the court's underlying decision correctly indicates that no cross motion was made in this action (see generally Nicastro v New York Cent. Mut. Fire Ins. Co., 117 AD3d 1545, 1546 [4th Dept 2014], lv dismissed 24 NY3d 998 [2014]).
On the merits of plaintiff's appeal, we conclude—for the reasons stated in Kavanaugh (— AD3d at &mdash)—that the court erred in denying plaintiff's motion for partial summary judgment on his first and second causes of action. We thus reverse the order and grant that motion.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court